**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Rafael David Sherman

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DAVID SHERMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC.,<br><br>Defendant(s). | Case No.: 13-CV-00041-GPC (WVG)<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:** September 27, 2013<br>**Time:** 1:30 p.m.<br>**Place:** 2D<br>**Judge**: Hon. Gonzalo P. Curiel |

Plaintiff Rafael David Sherman ("Sherman" and/or "Plaintiff") submits this Response to Separate Statement of Undisputed Material Facts, together with references to supporting evidence, in support of Plaintiff's Opposition to Defendant Yahoo! Inc.'s ("Yahoo" and/or "Defendant") Motion for Summary Judgment.

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS: | NON-MOVING PARTY'S RESPONSE |
|---|---|
| 1. The message on which plaintiff bases his claim in this case is a single informational text message sent to plaintiff because his mobile telephone number was specifically inputted into the SMS Service by a third party and specifically selected by that third party to receive a personal text message; the message was not sent in bulk and was not an advertisement.<br>[Complaint ¶ 13; Declaration of Nitu Choudhary ("Choudhary Decl.") ¶¶ 7-11] | 1. Disputed.<br><br>A "confirmatory" text message is one that "**confirm[s] receipt of that subscriber's request to opt out of receiving future text messages**." [*In re Matter of Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 27 F.C.C.R. 15391, *1, Declaratory Ruling, 27 FCC Rcd. 15391, 57 Communications Reg. (P&F) 107, 2012 WL 5986338 (released November 29, 2012) ("2012 FCC Declaratory Ruling") (emphasis added.)<br><br>"Opting-out" is a term that describes a method by which the cellular subscriber explicitly and expressly revokes individual consent to inform a Value Added Service Provider ("VASP," like Yahoo!) that they are no longer willing to receive text messages from the VASP for a specific text message application. [Snyder Decl. - ¶26]<br><br>When Yahoo's representative was asked why its text message was characterized as a "confirmatory" text message, Ms. Choudhary stated:<br><br>"For me it is letting the user to know that somebody from Yahoo! is trying to send him a message and if he wants to -- if he wants to keep on receiving more messages, he needs to reply back so that Yahoo! can -- so that he |

Kazerouni Law Group, APC
Costa Mesa, California

can -- he can use Yahoo! to talk back to the Yahoo! user. That is what the message means for me." [Choudhary Depo., 67:2-7; *see also* Snyder Decl., ¶¶ 44-48, 53]

Also, the text message at issue directs the recipient to a webpage for Yahoo! where Yahoo! solicits services, such as the Yahoo! Instant Messenger and others. [Choudhary Depo., 91:10-92:5; Exhibit 5 thereto]

In very tiny font towards the middle of the page, is the word "Help." [Choudhary Depo., 91:15-92:5; Exhibit 5 thereto]

There is no explicit opt-out instruction in the text message at issue. [Choudhary Depo., 84:16-19; Snyder Decl., ¶¶ 40-41]

To opt-out by text message, a recipient would have to send Yahoo two text messages to opt-out of further text messages. [Choudhary Depo., 86:10-87:22]

"In this case, the Plaintiff never communicated at all with Yahoo! before receiving the initial notification text message."

[Snyder Decl., ¶ 44]

There was no text in the unsolicited notification message received by the Plaintiff that indicated how, or even if, the Plaintiff could "opt-out" of receiving any additional text messages on his cellular phone, as required by the Mobile Marketing Association ("MMA"). In fact, the Plaintiff could not "opt-out" unless: (i) he participated in a text message dialog to figure out how to "opt-out"; (ii) launched a cellular data session and perused a mobile website to learn how to "opt-out"; or (iii) waited until he was sent four additional text messages to be automatically "opted-out," all of which would have caused the Plaintiff to incur additional charges for an application for which

Kazerouni Law Group, APC
Costa Mesa, California

| | |
|---|---|
| | he provided absolutely no consent. [Snyder Decl., ¶ 61]<br><br>Furthermore, Ms. Choudhary characterizes the initial notification text message as a "confirmatory" message (Choudhary Decl., 2:13-23), but based on the plain and ordinary meaning of the word "confirmatory" and also according to the MMA, the initial notification text message is assuredly not a "confirmatory" message. Confirmatory mobile terminated ("MT") text messages are sent from a VASP's automated text messaging system in response to a mobile originated ("MO") text message sent to it by a cellular subscriber. In this case, Plaintiff never communicated at all with Yahoo! before receiving the initial notification text message. [Snyder Decl. – ¶ 44]<br><br>*See also* Synder Decl. ¶¶ 17-48. |
| 2. The system that was used in connection with sending the text message to plaintiff at issue in this case is not an Automatic Telephone Dialing System as that term is defined in 47 U.S.C. § 227(a)(I) because it is not equipment that has the capacity to store or produce numbers to be called using a random or sequential number generator, and to dial such numbers. [Choudhary Decl., ¶¶ 4-11] | 2. Disputed.<br><br>Yahoo! stores cellular telephone numbers before sending initial unsolicited notification text messages. And, continues to store cellular telephone numbers in order to send additional text messages. Yahoo! considers cellular subscribers to be automatically "opted-in" until they are sent four additional text messages, without a receiving a response, to be automatically "opted-out." Therefore, according to Yahoo!, a cellular subscriber is sent five unsolicited text messages before they cease. The |

| | | |
|---|---|---|
| | | equipment used by the Defendants did, in fact, store a list of cellular telephone numbers to be called and does call those numbers from a database automatically and without human intervention. [Snyder Decl. – ¶¶ 62-83] |
| | | Defendant's representative admitted that it could, if it wanted to, send a notification text message again to all the telephone numbers in Yahoo's database by writing new software, thereby sequentially dialing telephone numbers. [Choudhary Depo., 61:15-63:23] |
| | | Defendant utilized equipment that had the requisite capacity to be an ATDS. [Snyder Decl. ¶¶ 67-83] |
| | | *See also* Snyder Decl., ¶¶ 53-83. |
| | 3. The single notification message plaintiff received alerted him that a friend or acquaintance sent a message using the PC to SMS Service and instructed him how to respond, and included a link to instructions on how to opt out of receiving further messages.<br>[Choudhary Decl. ¶¶ 8, 9, Ex. A] | 3. Disputed.<br>The text message at issue directs the recipient to a webpage for Yahoo! where Yahoo! solicits services, such as the Yahoo! Instant Messenger and others. [Choudhary Depo., 91:10-92:5; Exhibit 5 thereto]<br>In very tiny font towards the middle of the page, is the word "Help." [Choudhary Depo., 91:15-92:5; Exhibit 5 thereto]<br>There is no explicit opt-out instruction in the text message at issue. [Choudhary Depo., 84:16-19; Snyder Decl., ¶¶ 40-41]<br>To opt-out by text message, a recipient would have to send Yahoo two text messages to opt-out of further text messages. [Choudhary Depo., 86:10-87:22]<br>"In this case, the Plaintiff never communicated at all with Yahoo! before receiving the initial |

| | |
|---|---|
| | notification text message." [Snyder Decl., ¶ 44]<br><br>There was no text in the unsolicited notification message received by the Plaintiff that indicated how, or even if, the Plaintiff could "opt-out" of receiving any additional text messages on his cellular phone, as required by the Mobile Marketing Association ("MMA"). In fact, the Plaintiff could not "opt-out" unless: (i) he participated in a text message dialog to figure out how to "opt-out"; (ii) launched a cellular data session and perused a mobile website to learn how to "opt-out"; or (iii) waited until he was sent four additional text messages to be automatically "opted-out," all of which would have caused the Plaintiff to incur additional charges for an application for which he provided absolutely no consent. [Snyder Decl., ¶ 61]<br><br>Plaintiff is over the age of 18, is not a Yahoo customer and has not before communicated with Yahoo by text message, did not solicit a text message from Yahoo, and did not send an opt-out text to Yahoo. [Sherman Decl., ¶¶ 3-13.] |

                                        Respectfully submitted,

                                      **KAZEROUNI LAW GROUP, APC**

Date: September 13, 2013         By:/s/ Abbas Kazerounian
                                                   Abbas Kazerounian
                                                   Attorney for Plaintiffs

Kazerouni Law Group, APC — Costa Mesa, California

PL.'S RESPONSE TO SEP. STATEMENT OF UNDISPUTED MATERIAL FACTS IN. SUPP. OF MOT. FOR. SUMM. JUDGMENT;
CASE NO.: 13-CV-00041-GPC (WVG)     5