**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Telephone: (800) 400-6808

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022


Attorneys for Plaintiff,
*Rafael David Sherman*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RAFAEL DAVID SHERMAN, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**YAHOO! INC., a Delaware Corporation,**<br><br>Defendant. | Case No: 13-CV-00041-GPC (WVG)<br><br>**PLAINTIFF RAFAEL DAVID SHERMAN'S OPPOSITION TO DEFENDANT YAHOO! INC.'S MOTION FOR RECONSIDERATION**<br><br>**Date**: June 13, 2014<br>**Time**: 1:30 p.m.<br>**Ctrm**: 2D<br><br>**Judge**: Hon. Gonzalo P. Curiel |

*Kazerouni Law Group, APC*
*Costa Mesa, California*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii

I.    INTRODUCTION ....................................................................... 1

II.   STANDARD OF REVIEW ......................................................... 1

III.  DEFENDANT'S MOTION DOES NOT WARRANT RECONSIDERATION ... 2

      A. Defendant Does Not Provide Newly Discovered Evidence In This Case .... 3

      B. Defendant Has Not Shown a Change In Controlling Law ........................... 5

      C. Defendant Provides No Reason To Believe This Court Committed Clear
         Error ................................................................................................. 6

         1.  Accepting Defendant's request to ignore the FCC's 2003 Ruling would
             violate the Hobbs Act ................................................................. 7

         2.  Defendant's equipment need not constitute a predictive dialer to be an
             ATDS under the TCPA ................................................................ 9

         3.  Defendant has not cited any controlling authority, let alone recent
             controlling authority, for the proposition that the equipment used must
             have the present as opposed to potential capacity to dial telephone
             numbers from a list or database without human intervention ................. 10

         4.  Defendant ignores or misunderstands the difference between the
             authority of District Courts to interpret the TCPA and the authority of
             the FCC to interpret the TCPA ................................................... 14

IV.   THE COURT SHOULD DENY DEFENDANT'S ALTERNATIVE
      REQUEST FOR AN INTERLOCUTORY APPEAL ..................................... 14

      A. Legal Standard Under 28 U.S.C. 1292(b) ..................................... 15

      B. Element One Is Not Satisfied, As There Is No Controlling Question of
         Law At Issue ...................................................................... 16

      C. Element Two Is Not Satisfied, As There Is No Substantial Ground For
         Difference of Opinion Regarding The ATDS Capacity Issue ................. 17

      D. Element Three Is Not Satisfied, As An Interlocutory Appeal Would Not
         Materially Advance This Litigation ................................................. 19

Kazerouni Law Group, APC
Costa Mesa, California

V.   CONCLUSION ............................................................................................20

Kazerouni Law Group, APC
Costa Mesa, California

# TABLE OF AUTHORITIES

**CASES**

*Addison Automatics, Inc. v. RTC Group,*
    2013 U.S. Dist. LEXIS 99448 (N.D. Ill. July 16, 2013) ....................................7

*Association of Irritated Residents v. Fred Schakel Dairy,*
    634 F.Supp.2d 1081 (E.D. Cal. 2008) ..................................................16

*Backlund v. Barnhart,*
    778 F.2d 1386 (9th Cir. 1985) ..........................................................6

*Bachowski v. Usery,*
    545 F.2d 363 (3rd Cir. 1976) ..........................................................16

*BedRoc Ltd., LLC v. United States,*
    541 U.S. 176 (2004) ..................................................................13

*Bermingham v. Sony Corp. of Am., Inc.,*
    820 F. Supp. 834 (D.N.J. 1992) ......................................................1, 2

*Best Western Intern., Inc. v. Govan,*
    2007 WL 154776 (D. Ariz. May 29, 2007) ..........................................15, 16

*Board of Trustees of Leland Stanford Junior University v. Roche Molecular*
    *Systems, Inc.,*
    2007 WL 1119193 (N.D. Cal. April 16, 2007) ........................................15

*Campion v. Old Republic Home Prot. Co.,*
    2011 U.S. Dist. LEXIS 54104 (S.D. Cal. May 20, 2011) .......................1, 6, 13

*Carteret Sav. Bank, F.A. v. Shushan,*
    721 F. Supp. 705 (D.N.J. 1989) ........................................................2

*CE Design, Ltd. v. Prism Business Media, Inc.,*
    606 F.3d 443 (7th Cir. 2010) ..........................................................7

*Cement Antitrust Litigation,*
    673 F.2d 1020 (9th Cir. 1982) ......................................................15, 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kazerouni Law Group, APC**
Costa Mesa, California

**Kazerouni Law Group, APC**
Costa Mesa, California

*Collins v. D.R. Horton, Inc.*,
   252 F. Supp. 2d 936 (D. Ariz. 2003)................................................................2

*Davis Moreno Constr., Inc. v. Frontier Steel Bldgs. Corp.*,
   2011 U.S. Dist. LEXIS 10083 (E.D. Cal. Feb. 1, 2011) ...................................16

*Dominguez v. Yahoo!, Inc.*,
   2014 U.S. Dist. LEXIS 36542 (E.D. Pa. Mar. 20, 2014)....................................5

*Environmental Protection Information Center v. Pacific Lumber Co.*,
   2004 WL 838160 (N.D. Cal. Apr. 19, 2004) .....................................................15

*Frausto v. IC System, Inc.*,
   2011 U.S. Dist. LEXIS 93514, 2011 WL 3704249 (N.D. Aug. 22, 2011) ..........7

*G-69 v. Degnan*,
   748 F. Supp. 274 (D.N.J. 1990) ..........................................................................2

*Gager v. Dell Fin. Servs., LLC*,
   727 F.3d 265 (3d Cir. Pa. 2013).........................................................................7

*Gragg v. Orange Cab Co.*,
   2013 U.S. Dist. LEXIS 7474 (W.D. Wash. Jan. 17, 2013)...............6, 10, 12, 18

*Griffith v. Consumer Portfolio Serv.*,
   838 F. Supp. 2d 723 (N.D. Ill. 2011) ...............................................................10

*Helman v. Alcoa Global Fasteners, Inc.*,
   2009 WL 2058541 (C.D. Cal. June 16, 2009)...................................................19

*Hernandez v. Collection Bureau of America, Ltd.*,
   Case No. 8:13-cv-01626-CJC-DFM (C.D. Cal. April 16, 2014) ...............*passim*

*Hubbard v. Phil's BBQ of Point Loma, Inc.*,
   2010 U.S. Dist. LEXIS 80213 (S.D. Cal. Aug. 2, 2010) ................................2-3

*In re Barsan Contractors*,
   2010 WL 3907116 (D.N.J. Sept. 30, 2010)......................................................17

*In re Oxford Health Plans, Inc.*,
   182 F.R.D. 51 (S.D.N.Y. 1998)........................................................................19

**Kazerouni Law Group, APC**
Costa Mesa, California

*James v. Price Stern Sloan, Inc.,*
    283 F.3d 1064 (9th Cir. 2002)....................................................15, 16

*Kight v. Eskanos & Adler, P.C.,*
    2007 WL 173825 (S.D. Cal. Jan. 8 2007) ......................................15

*Klien v. Vision Lab Telecommunications, Inc.,*
    399 F. Supp. 2d 528 (S.D.N.Y. 2005) ............................................19

*Kern-Tulare Water Dist. v. City of Bakersfield,*
    634 F. Supp. 656 (E.D. Cal. 1986) ..................................................2

*Kona Enters., Inc. v. Estate of Bishop,*
    229 F.3d 877 (9th Cir. 2000)............................................................1

*Leckler v. Cashcall, Inc.,*
    2008 U.S. Dist. LEXIS 97439, 2008 WL 5000528 (N.D. Cal. Nov. 21, 2008) ..7

*Manno v. Healthcare Revenue Recovery Group, LLC,*
    289 F.R.D. 674 (S.D. Fla. 2013) .....................................................4

*Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.,*
    571 F.3d 873 (9th Cir. 2009)............................................................1

*McFarlin v. Conesco Services, LLC,*
    381 F.3d 1251 (11th Cir. 2004) .....................................................17

*Meyer v. Portfolio Recovery Assocs., LLC,*
    707 F.3d 1036 (9th Cir. Cal. 2012) .......................................1, 17, 18

*Moore v. Firstsource Advantage, LLC,*
    2011 U.S. Dist. LEXIS 104517 (W.D.N.Y. Sept. 15, 2011) .............7-8

*Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,*
    841 F.2d 918 (9th Cir. 1988)............................................................2

*Nunes v. Ashcroft,*
    375 F.3d 805 (9th Cir. 2004)............................................................3

*Occupy Fresno v. County of Fresno,*
    2011 WL 6066500 (E.D. Cal. Dec. 2, 2011) .....................................7

**Kazerouni Law Group, APC**
Costa Mesa, California

*Reeder v. Knapik,*
  2007 U.S. Dist. LEXIS 51890 (S.D. Cal. July 17, 2007)....................................1

*Rieve v. Coventry Health Care, Inc.,*
  870 F. Supp. 2d 856 (C.D. Cal. 2012)...............................................................18

*Ross v. McGuinness,*
  2010 WL 2486556 (E.D. Cal. June 16, 2010)..................................................2-3

*Ryan, Beck & Co., LLC v. Fakih,*
  275 F. Supp. 2d 393 (E.D.N.Y. 2003)................................................................18

*Satterfield v. Simon & Schuster, Inc.,*
  569 F.3d 946 (9th Cir. Cal. 2009).............................................................*passim*

*Sherman v. Yahoo! Inc.,*
  2014 U.S. Dist. LEXIS 13286 (S.D. Cal. Feb. 3, 2014)............................*passim*

*Simmons v. Akanno,*
  2011 WL 1566583 (E.D. Cal. Apr. 22, 2011)...................................................17

*Smith v. Clark County School Dist.,*
  727 F.3d 950 (9th Cir. 2013)............................................................................12

*Strauss v. Sheffield Ins. Corp.,*
  2006 WL 6158770 (S.D. Cal.  June 23, 2006)..................................................18

*Sullivan v. Faras-RLS Group, Ltd.,*
  795 F. Supp. 305 (D. Ariz. 1992)........................................................................2

*Syufy Enter. v. Am. Multi-Cinema, Inc.,*
  694 F. Supp. 725 (N.D. Cal.1988) ...................................................................16

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.,*
  282 F.R.D. 216 (D. Ariz. 2012) .......................................................................20

*United States v. Woodbury,*
  263 F.2d 784 (9th Cir. 1959).............................................................................15

*United States Rubber Co. v. Wright,*
  359 F.2d 784 (9th Cir. 1966).............................................................................15

*U.S. v. Westlands Water Dist.*,
   134 F. Supp. 2d 1111 (E.D. Cal. 2011) ................................................................ 1

*Vaughn v. Giurbino*,
   2009 WL 382979 (E.D. Cal. Feb. 13, 2009) ...................................................... 2

*Weyerhaeuser Corp. v. Koppers Co.*,
   771 F. Supp. 1406 (D. Md. 1991) ........................................................................ 1

*Wilson v. A.H. Belo Corp.*,
   87 F.3d 393 (9th Cir. 1996) ............................................................................. 1, 8

**STATUTES**

28 U.S.C. § 1292(b) ...........................................................................................................

28 U.S.C. § 2342(1) ................................................................................................ 8, 9

47 U.S.C. § 402(a) .................................................................................................. 8

**OTHER**

*In the Matter of Rules and Regulations Implementing the Telephone Consumer
   Protection Act of 1991*,
   18 FCC Rcd 14014 (July 3, 2003) ....................................................... 7, 9, 11

*In the Matter of the Rules and Regulations Implementing the Telephone Consumer
   Protection Act of 1991*,
   23 FCC Rcd 559 (Jan. 4, 2008) .......................................................... 9-10

**Kazerouni Law Group, APC**
Costa Mesa, California

## I.   INTRODUCTION

In reaction to the Court's thoughtful, fifteen-page analysis and denial of Defendant's motion for summary judgment, the defendant has now filed a "motion for reconsideration." Defendant, Yahoo! Inc. ("Defendant" or "Yahoo!") does not rely on anything of true substance, and instead, its motion is merely a thinly veiled attempt at the proverbial "second bite at the apple." For the reasons explained below, Defendant's motion for reconsideration, as well as Defendant's alternative request for an interlocutory appeal should be denied.

## II.   STANDARD OF REVIEW

Reconsideration is disfavored in the Ninth Circuit. *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, 2007 U.S. Dist. LEXIS 51890, *4-5 (S.D. Cal. July 17, 2007); *see also Campion v. Old Republic Home Prot. Co.*, 2011 U.S. Dist. LEXIS 54104, *4 (S.D. Cal. May 20, 2011) ("A motion for reconsideration may not be used to get a second bite at the apple. It is not a method by which to raise arguments or present evidence for the first time when they could reasonably have been raised earlier").[1]

"A motion for reconsideration may not be used to re-litigate old matters or

---

[1] Again, a "motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2011) (citing *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3rd Cir. 1994); *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *Hen v. City of L.A.*, 244 F. App'x 794, 797 (9th Cir. 2007) (finding no abuse of discretion in district court's denial of reconsideration, noting "a motion for reconsideration is not a means to reargue a previous position")

Kazerouni Law Group, APC
Costa Mesa, California

to raise arguments or present evidence that could have been raised prior to entry of the judgment." *Ross v. McGuinness,* 2010 WL 2486556, *1 (E.D. Cal. June 16, 2010) (citing *Collins v. D.R. Horton, Inc.,* 252 F. Supp. 2d 936, 938 (D. Ariz. 2003); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925-26 (9th Cir. 1988)). *See also Maryln Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880-81 (9th Cir. 2007) (finding no abuse of discretion in district court's denial of reconsideration where party could have submitted evidence or raised arguments previously).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Id.* (citing *Bermingham,* 820 F. Supp. at 856-57); *G-69 v. Degnan,* 748 F. Supp. 274, 275 (D.N.J. 1990); *Carteret Sav. Bank, F.A. v. Shushan,* 721 F. Supp. 705, 709 (D.N.J. 1989)). *See also Vaughn v. Giurbino,* 2009 WL 382979, *1 (E.D. Cal. Feb. 13, 2009) (denying motion for reconsideration because petitioner had not alleged new or different grounds).

"To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citing *Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987). "As such, courts only grant motions or reconsideration in rare circumstances." *Ross v. McGuinness,* 2010 WL 2486556, *1 (E.D. Cal. June 16, 2010) (citing *Sullivan v. Faras-RLS Group, Ltd.,* 795 F. Supp. 305, 308-09 (D. Ariz. 1992)).

## III.   DEFENDANT'S   MOTION   DOES   NOT   WARRANT RECONSIDERATION

Reconsideration is "appropriate only if the Court is presented with newly discovered evidence or a change in controlling law, or has committed clear error." *Hubbard v. Phil's BBQ of Point Loma, Inc.*, 2010 U.S. Dist. LEXIS 80213, *5

(S.D. Cal. Aug. 2, 2010) (citing *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)). None of these three circumstances are applicable here.

### A.    Defendant Does Not Provide Newly Discovered Evidence In This Case

Confusingly, Defendant argues that "the factual issues identified by the Court are in fact not disputed for purposes of this motion, which presents purely legal issues" (Def.'s Memo., 2:4-5, emphasis added), but later on in the same motion proceeds to introduce factual evidence that "Snyder's deposition testimony from another TCPA case that Yahoo obtained after its motion was fully briefed confirming that a predictive dialer cannot be used to send text messages" (*id.* at 315-17). In any event, even if the Court were to consider deposition testimony from Plaintiff's technology consultant, Randy Snyder, taken after the close of briefing in a *different* lawsuit, as "newly discovered evidence," such evidence does nothing to change that fact that Defendant's equipment need not constitute a predictive dialer in order to be deemed an ATDS under the Telephone Consumer Protection Act, as explained below (*see* Section C.2., *infra*). Also, the introduction of additional evidence only highlights the propriety of this Court's decision that whether an ATDS was used is an "issue of material fact." *See Sherman v. Yahoo! Inc.*, 2014 U.S. Dist. LEXIS 13286, *20 (S.D. Cal. Feb. 3, 2014) ("The Court concludes there is a genuine issue of material fact as to whether the equipment Yahoo! utilizes for the PC to SMS Service constitutes an ATDS within the meaning of the statute.").

Further, Defendant had sufficient opportunity to depose Plaintiff's technology consultant, Randy Snyder, prior to filing its reply brief on September 20, 2013. Indeed, it was Defendant that filed the motion for summary judgment, not Plaintiff, and Defendant did not challenge the briefing schedule set by the Court for Defendant's motion, which provided Defendant two weeks for a reply brief after the filing of Plaintiff's opposition (*see* Dkt No. 33). If Defendant was

Kazerouni Law Group, APC
Costa Mesa, California

**Kazerouni Law Group, APC**
Costa Mesa, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

not prepared to adequately support its motion for summary judgment then Defendant should have waited until it was prepared before implying that Defendant was unfairly denied an opportunity to depose Mr. Snyder.  As the court in *Manno* aptly explained:

> The Defendants may not present arguments, lose, and then say 'wait, actually, here's another reason why [the motion] is improper."  The parties' arguments should not be moving targets, like clay pigeons, that the Court is forced to repeatedly chase after and shoot down.  The reconsideration device is not designed 'to permit losing parties to prop up arguments previously made or to inject new ones,' nor 'to relieve a party of the consequence of its original, limited presentation.'

*Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674, 694 (S.D. Fla. 2013).

It was only shortly before the Court issued a ruling in favor of Plaintiff on February 3, 2014 that Defendant seems to have had interest in deposition testimony from Mr. Snyder taken on January 23, 2014 in a different case. *See* Def.'s Memo., p. 3, n. 1.  Accepting Defendant's plea may encourage the premature filing of motions for summary judgment where the moving party could claim, if it lost after saving money and effort on limited discovery, that it did not have an adequate opportunity to conduct sufficient discovery to support its motion and then take a proverbial second bite at the apple after conducting additional discovery.

Therefore, Defendant has not come forward with new evidence in this case, and even if the testimony from Mr. Snyder in a different case were considered new evidence for purposes of Defendant's motion for reconsideration, such evidence would not warrant reconsideration because Yahoo!'s equipment need not constitute a predictive dialer in order to be an ATDS.

///

///

## B.    Defendant Has Not Shown A Change In Controlling Law

Defendant provides nothing in the way of a "change in controlling law." Instead of controlling law, Defendant cites only to a non-controlling case out of Pennsylvania, *Dominguez v. Yahoo!*, Inc., 2014 U.S. Dist. LEXIS 36542 (E.D. Pa. Mar. 20, 2014).[2]

In *Dominguez*, the court granted the defendant's motion for summary judgment simply because the plaintiff failed to meet its burden to create a genuine issue of material fact.  "Plaintiff has not offered any evidence to show that Yahoo's system had the capacity to randomly or sequentially generate telephone numbers (as opposed to simply storing telephone numbers), as required by the statutory definition of ATDS." *Dominguez*, 2014 U.S. Dist. LEXIS 36542 at *17. Importantly, it is not even clear that the same system used in *Dominguez* is the same system used here to send a text message to Plaintiff, as the present case concerns the "PC to SMS Service." *Sherman v. Yahoo! Inc.*, 2014 U.S. Dist. LEXIS 13286, *3 (S.D. Cal. Feb. 3, 2014). Thus, the *Dominguez* decision is far from persuasive, but assuming, *arguendo,* that it did provide something of value, for reconsideration to be entertained the Court must be presented with a "*change in controlling law*." This means the decision would have to be out of the United States Court of Appeals for the Ninth Circuit or the Supreme Court of the United States.    *Dominguez* is a district court decision out of the Third Circuit, and consequently of no value for the purposes of this motion.[3]

Further, a very recent decision in *Hernandez* demonstrate the soundness of this Court's order denying Defendant's motion for summary judgment. The court in *Hernandez v. Collection Bureau of America, Ltd.*, Case No. 8:13-cv-01626-CJC-

---

[2] The *Dominguez* decision was not cited in Defendant's Table of Authorities, but was cited in Defendant's motion in footnote 1.

[3] The *Dominguez* Court also improperly chose not to follow the FCC's 2003 Ruling that essentially expended the meaning of an ATDS.

Kazerouni Law Group, APC
Costa Mesa, California

DFM (C.D. Cal. April 16, 2014)[4] actually found that the equipment used in that case constituted an ATDS because the equipment is used to call telephone numbers automatically and without human intervention and can operate as a predictive dialer. *See id*. at pp. 5-6.

Additionally, the *Gragg v. Orange Cab Co., Inc.*, 2014 WL 494862 (W.D. Wash. Feb. 7, 2014) decision, which is a district court decision, does not provide any support to Defendant's motion for reconsideration because it is not "controlling" law, as explained in more depth below (*see* Section C.3.).

Therefore, Defendant has completely failed to show any change in "controlling" law, and recent case law in *Hernandez* supports this Court's decision to deny Defendant's motion for summary judgment.

## C.     Defendant Provides No Reason To Believe This Court Committed Clear Error

Defendant provides nothing in the way clear error. As with nearly all "motions for reconsideration," Defendant merely argues that the Court is wrong, by revamping previously unmeritorious arguments.

"[C]learly erroneous is a very exacting standard. Mere doubts or disagreement about the wisdom of a prior decision … will not suffice … To be clearly erroneous, a decision must [be] more than just maybe or probably wrong; it must be dead wrong." *Campion*, 2011 U.S. Dist. LEXIS 54104 at *5; *Apollo Group*, 282 F.R.D. at 232 (same). A motion that provides nothing that has not already considered and rejected in the Court's previous order fails to warrant reconsideration. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion for reconsideration is properly denied where "it present[s] no arguments that had not already been raised in opposition to summary judgment"); *see also*

---

[4] Attached as **Exhibit A** to Declaration of Abbas Kazerounian, filed concurrently. Plaintiff respectfully requests the Court take judicial notice of this unpublished federal court decision in Plaintiff's concurrently filed Request for Judicial Notice.

Kazerouni Law Group, APC
Costa Mesa, California

*Occupy Fresno v. County of Fresno*, 2011 WL 6066500, at *1 (E.D. Cal. Dec. 2, 2011) (reconsideration is "not to be used to ask the court to rethink what it had already thought through - rightly or wrongly."). As explained below, Defendant's reasoning for arguing that this Court committed clear error is fatally flawed.

### 1. Accepting Defendant's request to ignore the FCC's 2003 Ruling would violate the Hobbs Act

Defendant asks that the Court essentially ignore controlling authority from the FCC, specifically the FCC's 2003 Ruling.[5] Such request by Defendant is improper, as "the Hobbs Act, reserves to the courts of appeals [on direct review] the power 'to enjoin, set aside, suspend (in whole or in part), or to determine the validity of' all final FCC orders." *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 446, 449, n.5 (7th Cir. 2010) (citing 28 U.S.C. § 2342(1) and 47 U.S.C. § 402(a)). Thus, "[o]rders or rules promulgated by the FCC are binding on this Court pursuant to the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. § 2342(1)." *Addison Automatics, Inc. v. RTC Group*, 2013 U.S. Dist. LEXIS 99448, *10 (N.D. Ill. July 16, 2013).[6] Defendant cannot simply ignore

---

[5] The ruling at issue is the ruling *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14093 (July 3, 2003). Defendant argues that such ruling should not be given *Chevron* deference by this Court, relying upon language in a footnote from *Gager*; however, even the Court in *Gager* stated in the same footnote that "we will still afford some deference to the FCC's decision in *SoundBite*," even though the ruling at issue in that case, which is not the FCC's 2003 Ruling, did not provide a rationale for its decision to permit revocation of consent. *See Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271, n.5 (3d Cir. Pa. 2013). With regard to the FCC's 2003 Ruling, the FCC more than adequately provided a rationale for its decision to interpret the meaning of an ATDS to include equipment that has the capacity to store and dial a list of telephone numbers without human intervention. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd at 14092-14093.

[6] *See also Frausto v. IC System, Inc.*, 2011 U.S. Dist. LEXIS 93514, 2011 WL 3704249, at *2 (N.D. Aug. 22, 2011); *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, 2008 WL 5000528, at *2-3 (N.D. Cal. Nov. 21, 2008); *Moore v.*

Kazerouni Law Group, APC
Costa Mesa, California

agency rulings that it happens not to like, nor should the Court entertain such an inappropriate request on Defendant's motion for reconsideration.

It is worth noting that the court in *Hernandez* rejected the same argument made by Yahoo! here that the meaning of and ATDS is clear and unambiguous as found by *Satterfield* and therefore "to defer to the FCC's interpretation of the term would "improperly re-define the TCPA's prohibitions — and the FCC's authority —beyond the plain meaning of the statute." *Hernandez*, *supra*, at p. 5. In rejecting this contention, the *Hernandez* Court explained:

> **The Court lacks jurisdiction to entertain CBA's challenge to the validity of the FCC's rule**. Under the Administrative Orders Review Act, known more informally as the Hobbs Act, the Court of Appeals is vested with "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of — all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." 28 U.S.C. 2342(1). … **Indeed, for the Court to agree, or even disagree, with CBA's argument would be to violate the Hobbs Act**. See Wilson v. A.H. Belo Corp., 87 F.3d 393, 399–400 (9th Cir. 1996) (noting that asking a district court to agree or disagree with an FCC ruling invokes the Hobbs Act's jurisdictional bar). **Rather, the Court is simply bound to apply the FCC's rulings**.

*Hernandez*, *supra*, at p. 5 (emphasis added).

Consequently, it would have been a violation of the Hobbs Act for the Court not to follow the 2003 Ruling by the FCC regarding the meaning of an ATDS.

///

///

///

*Firstsource Advantage, LLC*, 2011 U.S. Dist. LEXIS 104517, 2011 WL 4345703, at *10 n.10 (W.D.N.Y. Sept. 15, 2011).

Kazerouni Law Group, APC
Costa Mesa, California

## 2. **Defendant's equipment need not constitute a predictive dialer to be an ATDS under the TCPA**

Defendant is incorrect that its equipment must constitute a predictive dialer in order to fall under the purview of the FCC's 2003 Ruling. *See* Def.'s Memo., 4:11-15; 5:16-19. <u>The FCC ruled that a predictive dialer constitutes an ATDS, not that an ATDS only includes predictive dialers</u>. On July 3, 2003, the FCC found that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" and the intent of Congress. *See In the Matter of the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, 18 FCC Rcd 14014 (2003). The FCC explained that:

> [T]o exclude from [the restrictions on automated and prerecorded calls] equipment that use [sic] predictive dialing software from the definition of "automated telephone dialing equipment" simply because it relies on a given set of numbers would lead to an unintended result. Calls to emergency numbers, health care facilities, and wireless numbers would be permissible when the dialing equipment is paired with predictive dialing software and a database of numbers, but prohibited when the equipment operates independently of such lists and software packages. We believe the purpose of the requirement that equipment have the 'capacity to store or produce telephone numbers to be called' is to ensure that the prohibition on autodialed calls not be circumvented.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd at 14092-14093; *see also Hernandez*, *supra*, at p. 4.

In 2008, in response to a request for clarification, the FCC "affirm[ed] that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008). Thus, "[m]achines used to dial telephone numbers from a list fall within the statutory definition of an ATDS." *Gragg v. Orange Cab Co.*, 2013 U.S. Dist. LEXIS 7474, *5-6 (W.D. Wash. Jan. 17, 2013).[7]

Therefore, this Court correctly noted [t]he FCC states that 'the basic function of such equipment ... [is] the capacity to dial numbers without human intervention.' *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 566 (2008)." *Sherman*, 2014 U.S. Dist. LEXIS 13286 at *16.

Thus, it is immaterial whether Defendant's equipment constitutes a predictive dialer (which Plaintiff did not argue), as Defendant's equipment may be deemed an ATDS even without predictive dialing capabilities typically used by telemarketers and debt collectors.

> **3.** **Defendant has not cited any controlling authority, let alone recent controlling authority, for the proposition that the equipment used must have the present as oppose to potential capacity to dial telephone numbers from a list or database without human intervention**

Notably, Defendant has not cited to any *controlling* authority for the proposition that the equipment must have the present capacity to dial telephone numbers from a list or database without human intervention. Here, the Court stated that "[t]he parties dispute whether Yahoo!'s 'PC to SMS Service' technology explained above has the requisite capacity to ***both*** store numbers and dial random or sequential numbers" (*Sherman*, 2014 U.S. Dist. LEXIS 13286 at *20), and

---

[7] As mentioned by the Court in *Griffith*, 838 F. Supp. 2d at 726, "The petitioner requesting clarification [of the FCC's 2003 Ruling] argued that 'a predictive dialer meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists.' *Id.* The FCC rejected this interpretation, citing the policy considerations that guided its 2003 ruling. *Id.* at 566-67."

Kazerouni Law Group, APC
Costa Mesa, California

1  therefore, the Court properly focused on the "capacity" (whether present or
2  potential) to both store telephone numbers (even if briefly) and to dial those
3  numbers, since "the focus of the inquiry in evaluating whether a technology is
4  considered an ATDS is whether the equipment has the capacity to store and dial
5  phone numbers." *Id*. (citing *Satterfield*, 569 F.3d. at 951).

6      The FCC explained in 2003 that is was concerned to exclude equipment that
7  could be paired with software to then obtain predictive dialing capabilities because
8  to do so could potentially allow companies to circumvent the ATDS requirement
9  an make autodialed calls with impunity, and that is one of the reasons why the
10  FCC explained that equipment that is paired with predictive dialing software
11  constitutes an ATDS. *See In the Matter of Rules and Regulations Implementing the*
12  *Telephone Consumer Protection Act of 1991*, 18 FCC Rcd at 14092-14093.
13  Similarly, the ability to modify Defendant's system through changes in the
14  software code (whether it has predictive dialing capabilities or not) to call all the
15  telephone number stored by Defendant automatically bears on the "capacity" issue
16  and presents a question of material fact for a jury. *See Sherman*, 2014 U.S. Dist.
17  LEXIS 13286 at *19-20.

18      Notably, the defendant, PRA, in *Meyer v. Portfolio Recovery Assocs., LLC*,
19  argued that its dialing equipment did not have the present capacity to store or
20  produce numbers using a random or sequential number generator. *See Meyer*, 707
21  F.3d 1036, 1043 (9th Cir. Cal. 2012).  In finding that PRA did in fact use an
22  ATDS, the Ninth Circuit Court of Appeals stated:

24          [a]s we explained in *Satterfield v. Simon & Schuster,*
25          *Inc*., the clear language of the TCPA 'mandates that the
               focus must be on whether the equipment has the *capacity*
26          'to store or produce telephone numbers to be called, using
               a random or sequential number generator.' 569 F.3d 946,
27          951 (9th Cir. 2009). PRA's securities filing shows that
               PRA uses predictive dialers. PRA does not dispute that
28          its predictive dialers have the capacity described in the

1
2

TCPA. This is sufficient to determine that PRA used an automatic telephone dialing system.

3
4
5

Therefore, the *Meyer* decision lends support to this Court's finding that the ability to modify Yahoo!'s equipment bears on the capacity issue and presents a question of fact for a jury to decide.

6
7
8
9
10
11
12
13

Recently, the Court in *Hernandez* determined, on a motion for summary judgment, that the equipment used in that case was an ATDS because "the CT Center used by CBA has the capability of operating without human intervention, and that it therefore constitutes an automatic telephone dialing system for purposes of the TCPA" (*Hernandez*, *supra*, at p. 5), following the FCC's 3003 Ruling, despite the fact that CBA "does not have any computer code that allows it to generate either random or sequential telephone numbers, nor does it have the capacity to store or produce and call numbers from a number generator" (*id*. at p. 1).

14
15
16
17
18
19
20
21
22
23

Although the court in *Gragg*, which is a district court decision, opined that potential capacity is not considered in determining whether equipment constitutes an ATDS, this does not mean that this Court committed clear error here, especially in light of the absence of actual *controlling*[8] authority on that issue. Significantly, unlike in *Gragg*, Plaintiff's technology consultant here clearly opined that "the 'equipment used by the Defendant[] has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, or from a list of telephone numbers,' and that the equipment 'has the capacity to dial cellular telephone numbers without human intervention.'" *Sherman*, 2014 U.S. Dist. LEXIS 13286 at *18-19.

24
25
26
27

Furthermore, it is improper for Defendant to rely upon legislative history of the TCPA (*see* Def.'s Memo., 9:23-10:12) because, as found by the Ninth Circuit Court of Appeals, and as argued by Defendant here, the meaning of an ATDS

28

---

[8] Even the *Smith v. Clark County School Dist.* case cited by Defendant recognized there must be "controlling" precedent. *See* Def.'s Memo., 11:2-4.

according to the plain text of the TCPA is clear and unambiguous, such that resort to legislative history is improper. *See Satterfield*, 569 F.3d at 951 ("The preeminent canon of statutory interpretation requires us to presume that [the] legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous.") (quoting *BedRoc Ltd., LLC v. United States,* 541 U.S. 176, 183, 124 S. Ct. 1587, 158 L. Ed. 2d 338 (2004) (internal quotation marks omitted)). "Reviewing this statute, we conclude that the statutory text is clear and unambiguous." *Id.* at 951.

Lastly, Defendant's apparent policy argument regarding smartphones possibly being considered an ATDS (*see* Def.'s Memo., 8:19-22) is not appropriately raised on Defendant's motion for reconsideration because such argument was not made in Defendant's motion for summary judgment, and Defendant may not use a motion for reconsideration to make arguments that it failed to make previously. *See Campion v. Old Republic Home Prot. Co.*, 2011 U.S. Dist. LEXIS 54104, *4 (S.D. Cal. May 20, 2011) ("A motion for reconsideration may not be used to get a second bite at the apple. It is not a method by which to raise arguments or present evidence for the first time when they could reasonably have been raised earlier"). Thus, the issue of whether all text messages are necessarily sent via an ATDS (*see* Def.'s Mem., 8:24-26; 10:14-17), based on testimony in a different case than the present, is not at issue here, despite Defendant's improper attempt to somehow make it at issue for purposes of its motion for reconsideration.[9]

---

[9] Perhaps Yahoo!, and companies like Yahoo!, would like a ruling from this Court that a smartphone is not an ATDS, thereby permitting companies that once used commercial dialers subject to the TCPA to switch to using smartphones to send mass text messages to consumers for marketing or other purposes with impunity. Such hypothetical question, however, is not appropriately addressed on Defendant's motion for reconsideration.

### 4.    Defendant ignores or misunderstands the difference between the authority of District Courts to interpret the TCPA and the authority of the FCC to interpret the TCPA

Defendant's argument that the Ninth Circuit Court of Appeals found the statutory ATDS language under the TCPA to be clear and unambiguous in *Satterfield* (*see* Def.'s Memo., 4:16-23) is a different issue from whether this Court (and any other District Court) is bound by the FCC's Rulings interpreting the TCPA pursuant to authority granted to it by Congress. *See Satterfield*, 569 F.3d at 953 ("Congress has delegated the FCC with the authority to make rules and regulations to implement the TCPA.").

While <u>Courts</u> may not be permitted to look to Congressional intent and legislative history to interpret the meaning of an "automatic telephone dialing system" because such language is clear and unambiguous (*see Satterfield*, 569 F.3d at 951), the <u>FCC</u> (i.e. the agency tasked with regulating and interpreting the TCPA) on the other hand is absolutely able to do so, and has issued many rulings regarding the TCPA. In fact, the same *Satterfield* decision by the Ninth Circuit Court of Appeals found that the FCC's interpretation of the meaning of a "call" under the TCPA to include a text message has "the force of law" (*id.* at 953). And, the recent decision in *Hernandez* shows that district courts may not chose to ignore FCC rulings regarding the TCPA, which rulings are controlling unless invalidated under the Hobbs Act. *Hernandez*, *supra*, at p. 5.

Therefore, Defendant has provided no basis for concluding that this Court committed clear error in finding a material issue of fact exists as to whether the equipment used by Defendant meets the definition of an ATDS under the statute.

## IV.   THE COURT SHOULD DENY DEFENDANT'S ALTERNATIVE REQUEST FOR AN INTERLOCUTORY APPEAL

Defendant's arguments in support of an interlocutory appeal are basically the same arguments made in support of Defendant's plea for reconsideration, and such alternative relief should be denied for the some of the same reasons that

Defendant's motion does not warrant reconsideration; and, Defendant has failed to satisfy any of the three requirement under 28 U.S.C. § 1292(b).

### A.   Legal Standard Under 28 U.S.C. § 1292(b)

28 U.S.C. § 1292(b) is "a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *Best Western Intern., Inc. v. Govan,* 2007 WL 154776, *3 (D. Ariz. May 29, 2007) (citing *Kight v. Eskanos & Adler, P.C.,* 2007 WL 173825, *2 (S.D. Cal. Jan. 8 2007); *Cement Antitrust Litigation,* 673 F.2d 1020, 1025-26 (9th Cir. 1982)).   Certification under 1292(b) is "appropriate where the order (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation." *Id.* (citing 28 U.S.C. § 1292(b); *Cement Antitrust,* 673 F.2d at 1026) (internal quotation marks omitted). "'<u>All three requirements must be met</u> for certification to issue' under that statute." *Id.* (citing *Kight,* 2007 WL 173825 at *2) (emphasis added).

Section 1292(b) "is to be applied sparingly and only in exceptional cases[.]" *Id.* (citing *United States v. Woodbury,* 263 F.2d 784, 788 n. 11 (9th Cir. 1959)). Because "'section 1292(b) is a departure from the normal rule that only final judgments are appealable,' it 'must be construed narrowly.'" *Id.* (citing *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002)). Section 1292(b) "was not intended 'merely to provide review of difficult rulings in hard cases.'" *Id.* (citing *Environmental Protection Information Center v. Pacific Lumber Co.,* 2004 WL 838160, *2 (N.D. Cal. Apr. 19, 2004); quoting *United States Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966).

"Consequently, only 'in rare circumstances' may a district court 'allow an immediate appeal of an interlocutory order.'" *Id.* (citing *Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc.,* 2007 WL 1119193, *2 (N.D. Cal. April 16, 2007)) (additional citations omitted).

1  "Permission to appeal is wholly within the discretion of the courts, even if the

2  criteria are present." *Bachowski v. Usery,* 545 F.2d 363, 368 (3rd Cir. 1976).

3        "By the same token, however, 'even where the district court makes such a

4  certification, the court of appeals nevertheless has discretion to reject the

5  interlocutory appeal, and does so quite frequently.'" *Best Western Intern, Inc.,*

6  2007 WL 1545776 at *4) (citing *James,* 283 F.3d at 1068, fn. 6)).

7        Lastly, "[t]he standard to certify a question of law is high and a district

8  court generally should not permit such an appeal where it 'would prolong the

9  litigation rather than advance its resolution.'" *Davis Moreno Constr., Inc. v.*

10 *Frontier Steel Bldgs. Corp.*, 2011 U.S. Dist. LEXIS 10083, *3 (E.D. Cal. Feb. 1,

11 2011) (quoting *Syufy Enter. v. Am. Multi-Cinema, Inc.*, 694 F. Supp. 725, 729

12 (N.D. Cal. 1988).

13     **B.    Element One Is Not Satisfied, As There Is No Controlling**

14          **Question of Law At Issue**

15        There is "minimal guidance from the Ninth Circuit as to what constitutes a

16 controlling question of law." *Association of Irritated Residents v. Fred Schakel*

17 *Dairy,* 634 F.Supp.2d 1081, 1088 (E.D. Cal. 2008).  "An issue is 'controlling' if

18 resolution of the issue on appeal could materially affect the outcome of litigation in

19 the district court." *Id.* (citing *Cement Antitrust,* 673 F.2d at 1026) (additional

20 citations omitted).

21        This case does not involve a controlling question of law as it concerns the

22 capacity of Yahoo!'s system; instead, the question is one of fact. Notably,

23 Plaintiff's technology consultant has already explained that "the 'equipment used

24 by the Defendant[] has the capacity to store or produce cellular telephone numbers

25 to be called, using a random or sequential number generator, or from a list of

26 telephone numbers,' and that the equipment 'has the capacity to dial cellular

27 telephone numbers without human intervention.'" *Sherman*, 2014 U.S. Dist.

28 LEXIS 13286 at *18-19. Therefore, regardless of whether the "capacity" issue

does not take into account potential modification to the dialing system, Plaintiff has put forward credible evidence that the equipment used by Defendant constitutes an ATDS under the TCPA.

In any event, the *Meyer* decision from the Ninth Circuit Court of Appeals lends support to the conclusion that the capacity required does not distinguish between present or potential capacity, or in other words, "capacity" takes into consideration potential modifications to the equipment. *See Meyer*, 707 F.3d at 1043. Therefore, what the parties have before them in this case is a question of fact, not a controlling question of law.

Consequently, Defendant has failed to satisfy the first element necessary for an interlocutory appeal.

### C.   Element Two Is Not Satisfied, As There Is No Substantial Ground For Difference of Opinion Regarding The ATDS Capacity Issue

"In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." *Simmons v. Akanno,* 2011 WL 1566583, *3 (E.D. Cal. Apr. 22, 2011) (citing *McFarlin v. Conesco Services, LLC,* 381 F.3d 1251, 1259 (11th Cir. 2004)). Moreover, "when an appellate court is in 'complete and unequivocal' agreement with a district court, there is no 'substantial ground for difference of opinion.'" *Id.* (citing *McFarlin,* 381 F.3d at 1258). "[M]ere disagreement with the district court's ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes." *In re Barsan Contractors,* 2010 WL 3907116, *3 (D.N.J. Sept. 30, 2010) (emphasis added).

Here, Defendant argues that this "Court's construction of the term ATDS conflicts with the Ninth Circuit's holding in *Satterfield*..." Def.'s Memo., 11:22-23. However, this Court's holding is in line with *Satterfield* (and also the later

decision in *Meyer*), as this Court correctly focused on the "capacity"[10] of Defendant's equipment. *See Sherman*, 2014 U.S. Dist. LEXIS 13286 at *16-17 ("The Ninth Circuit, upon evaluating ATDS technology under the TCPA, stated "the statute's clear language mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Satterfield, 569 F.3d at 951."). Furthermore, as explained in detail above, this Court is not free to ignore, pursuant to the Hobbs Act, controlling authority from the FCC interpreting the meaning of an ATDS. *See* Section C.4., *supra*.

Defendant also appears to argue that there is a substantial ground for a difference of opinion as to the present versus potential capacity of the dialing equipment, citing to *Gragg v. Orange Cab Co.*, 2014 U.S. Dist. LEXIS 16648, 8-9 (W.D. Wash. Feb. 7, 2014). *See* Def.'s Memo., 11:1-3. However, *Gragg* is a district court decision from outside the Ninth Circuit, and, as already explained by Plaintiff, the Ninth Circuit Court of Appeals decision in *Meyer* (which is controlling authority) supports this Court's conclusion regarding the capacity issue.

Although Defendant has shown that "its own opinion differs from the Court's, if district courts certified an order for appeal in every instance in which a party disagreed with a court's opinion, the exceptional circumstances requirement for interlocutory appeals would be rendered meaningless and piecemeal litigation would become commonplace." *See Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 880 (C.D. Cal. 2012) (citing *Strauss v. Sheffield Ins. Corp.*, 2006

---

[10] "When evaluating the issue of whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield*, 569 F.3d at 951.

WL 6158770, *4 (S.D. Cal. June 23, 2006)). Instead, "the primary inquiry is 'the strength of the arguments in opposition to the challenged ruling.'" *Id.* (citing *Helman v. Alcoa Global Fasteners, Inc.,* 2009 WL 2058541, *5 (C.D. Cal. June 16, 2009); *Ryan, Beck & Co., LLC v. Fakih,* 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003)). The District Court decision in *Gragg*, which is from outside this Circuit, far from creates a highly debatable question of law.

As a result, Defendant has also failed to satisfy the second element necessary for an interlocutory appeal.

### D.   Element Three Is Not Satisfied, As An Interlocutory Appeal Would Not Materially Advance This Litigation

The last requirement of 28 U.S.C. § 1292(b) provides that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "An immediate appeal is considered to advance the ultimate termination of the litigation if that appeal 'promises to advance the time for trial or to shorten the time required for trial.'" *Klien v. Vision Lab Telecommunications, Inc.,* 399 F. Supp. 2d 528, 536 (S.D.N.Y. 2005) (citing *In re Oxford Health Plans, Inc.,* 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).

Here, Defendant appears to argue that an interlocutory appeal will materially advance this litigation in that it, according to Defendant, "would save the parties substantial expense and could conserve judicial resources." Def.'s Memo., 12:1-3. However, an interlocutory appeal regarding the "capacity" issue would not materially advance this litigation because it would not advance the time for trial or to shorten the time required for trial in light of the capacity issue being a question of fact as opposed to a question of law. *See Satterfield*, 569 F.3d at 951 ("there is a genuine issue of material fact whether this telephone system has the requisite capacity to be considered an ATDS under the TCPA"). Defendant merely seeks to delay the progress of this litigation towards trial, having lost its motion for summary judgment, which motion it is only permitted to bring once.

Thus, Defendant has failed to satisfy the third element necessary for an interlocutory appeal as well.

## V.    CONCLUSION

In conclusion, reconsideration is "not designed merely to provide a dissatisfied litigant with additional opportunity to sway the Court." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 232 (D. Ariz. 2012). However, that is exactly what the Court is presented with here; a dissatisfied litigant hoping for an additional opportunity to sway the Court. Defendant's motion does not warrant reconsideration, and the court should deny its second attempt to sway the Court. Furthermore, Defendant's requested alternative relief in the form of an interlocutory appeal should be denied.

Respectfully submitted,

**Kazerouni Law Group, APC**

Date: May 2, 2014                              By:/s/ Abbas Kazerounian, Esq.
                                               ABBAS KAZEROUNIAN
                                               ATTORNEYS FOR PLAINTIFF

Kazerouni Law Group, APC
Costa Mesa, California