UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DAVID SHERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:13-cv-41-GPC-WVG<br><br>**ORDER:**<br><br>**1) DENYING MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. No. 33.]<br><br>**2) DENYING MOTION IN THE ALTERNATIVE FOR INTERLOCUTORY APPEAL** |

Presently before the Court is a Motion for Reconsideration filed by Defendant Yahoo! Inc. ("Defendant" or "Yahoo!"). (Dkt. No. 33.) The Parties have fully briefed the motion. (Dkt. Nos. 37, 38, 39, 40, 43.) The Court held a hearing on the matter on June 13, 2014. Joshua Swigart, Esq. appeared on behalf of Plaintiff Rafael David Sherman, and Ian Ballon, Esq. appeared on behalf of Defendant Yahoo!. For the following reasons, the Court DENIES the motion.

## BACKGROUND

This case concerns a text notification message that was sent to a cellular phone number as part of Yahoo!'s Instant Messenger service. Plaintiff Rafael David Sherman ("Plaintiff") brings this action individually and on behalf of those similarly situated, claiming Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227(b)(1)(A) by "illegally contact[ing] Plaintiff and the Class members via their cellular telephones by using unsolicited SPAM text messages." (Dkt. No. 1, Compl. ¶ 26.)

On February 3, 2014, this Court issued an Order denying Defendant's motion for summary judgment. (Dkt. No. 30.) Specifically, the Court held that: (1) a single, confirmatory text message may be actionable under the TCPA; (2) issues of fact precluded summary judgment on the issue of whether Yahoo!'s PC to SMS Service constitutes an Automatic Telephone Dialer System ("ATDS") within the meaning of the TCPA; and (3) that "Good Samaritan Immunity" did not render Yahoo! immune from liability in this case. (Id.)

On March 24, 2014, Defendant filed a motion for reconsideration of the Court's February 3, 2014 Order. (Dkt. No. 33.) Defendant contends the Court erred by relying on FCC commentary to construe what constitutes an ATDS under the TCPA and that new evidence warrants summary judgment on Plaintiffs' claim that Yahoo!'s PC to SMS Service equipment is an ATDS. (Dkt. No. 33.) In the alternative, Defendant seeks certification of the Court's Order denying summary judgment for appeal due to conflicting constructions of the phrase ATDS among district courts in the Ninth Circuit. (Id.)

## LEGAL STANDARD

District courts have the discretion to reconsider interlocutory rulings until a final judgment is entered. Fed. R. Civ. P. 54(b); United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000). While the Federal Rules of Civil Procedure do not set forth a standard for reconsidering interlocutory rulings, the "law of the case" doctrine and public policy dictate that the efficient operation of the judicial system requires the avoidance of re-arguing questions that have already been decided. See Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

As such, most courts adhere to a fairly narrow standard by which to reconsider their interlocutory rulings. This standard requires that the party show: (1) an

intervening change in the law; (2) additional evidence that was not previously available; or (3) that the prior decision was based on clear error or would work manifest injustice. Id.; Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "'A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome.'" FTC v. Neovi, Inc., 2009 WL 56130 at *2 (S.D. Cal. Jan. 7, 2009) (quoting Devinsky v. Kingsford, 2008 WL 2704338 at *2 (S.D.N.Y. July 10, 2008)).

**DISCUSSION**

**I. Reconsideration**

Defendant brings the present motion seeking reconsideration solely as to the Court's conclusion that issues of fact preclude summary judgment on Plaintiff's claim that Yahoo!'s PC to SMS service equipment constituted an automatic telephone dialing system within the meaning of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Dkt. No. 33.) Under the TCPA, an "automatic telephone dialing system" ("ATDS") is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Defendant argues reconsideration is warranted on two grounds: (1) that the Court erred in relying on Federal Communications Commission ("FCC") commentary regarding "predictive dialers" to construe the statutory term "ATDS"; and (2) that the Court erred in relying on Yahoo!'s testimony regarding its ability to write or install new software to dial telephone numbers to deny summary judgment. (Dkt. No. 33-1.) Having reviewed the Parties' arguments and the applicable legal authority, the Court

finds no basis for granting the "extraordinary remedy" of reconsideration.

### A. FCC Commentary on Predictive Dialers

Defendant first argues the Court erred in construing the term ATDS according to FCC guidance on predictive dialers because the Ninth Circuit has held in Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009), that the statutory definition of ATDS is "clear and unambiguous," and therefore deference to the FCC guidance under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), would be inappropriate. (Dkt. No. 33-1 at 4.) Defendant argues the Court's citation to FCC rulings beyond the plain meaning of the TCPA thus constituted clear error. (Id.)

The Court disagrees. This Court's construction of ATDS is premised on the statutory text of the TCPA as interpreted by the Satterfield court. (See Dkt. No. 30 at 11-12) (citing Satterfield for the proposition that the focus of the ATDS inquiry is on whether the equipment has the capacity to store and dial phone numbers). In Satterfield, the Ninth Circuit reversed the district court's grant of summary judgment in favor of defendant Simon and Schuster, Inc., finding that the district court "focused its analysis on the wrong issue in its determination of what constitutes an ATDS." 569 F.3d at 951. The Ninth Circuit found that, when courts evaluate whether equipment is an ATDS under the TCPA, "the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' " Id. (emphasis in original). Although the court concluded that the statutory text "is clear and unambiguous," the court did so in the context of finding that the statute clearly and unambiguously focuses on the equipment's requisite "capacity" rather than present functionality. Id. Ultimately, it is unnecessary to rely on the FCC guidance on predictive dialers to reach the result arrived at in this case.

Furthermore, to the extent that the Defendant complains of the Court's citation to the FCC commentary, the Ninth Circuit has itself cited the same FCC regulations

regarding predictive dialers in defining an ATDS. Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing In the Matter of Rules & Regs Implementing the Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14014, 14091-93 (July 3, 2003)).

In the alternative, Defendant argues the Court erred in relying on the FCC's definition of "ATDS" to include "predictive dialers" because of evidence since obtained in another case. (Dkt. No. 33-1 at 6.) Specifically, Defendant argues Plaintiff's expert testified in Benzion v. Vivint, Inc., No. 12-cv-61826WJZ (S.D. Fla.), that "there's no such thing as predictive dialing in text." (Id.) As such, Defendant argues the Court erred in relying on the FCC's guidance related to predictive dialers. (Id. at 6-7.)

This argument also fails to show clear error in the Court's prior Order. Although the Court cited FCC rules and regulations related to predictive dialers in its Order denying summary judgment, the Court did not rest its conclusion regarding the Parties' "ATDS" showing on a finding that Defendant's equipment was or was not a predictive dialer. (See Dkt. No. 30 at 12.) The Court cited to the FCC's rulings regarding predictive dialers to support the proposition that equipment may fall under the statutory definition of "ATDS" without the present functionality of randomly or sequentially generating numbers to be called. (Id. at 9.) The focus of the Court's analysis was on the Parities' respective evidence as to whether Yahoo!'s server and system had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. (Dkt. No. 30 at 10-12) (citing Satterfield, 569 F.3d at 951) ("[T]he statute's clear language mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called, using a random or sequential number generator.'"). Having reviewed the Parties' respective evidence regarding the statutorily mandated "capacity," the Court found that genuine issues of material fact precluded summary judgment. (Dkt. No. 30 at 12.) Defendant's newly proffered evidence that Plaintiffs' expert has testified in another case that there is "no

such thing as predictive dialing in text" is therefore inapposite and fails to show clear error in the Court's previous Order.

### B. Present versus Future Capacity

Defendant next argues the Court erred in relying on Yahoo!'s testimony regarding its ability to write or install new software to dial telephone numbers to deny summary judgment, because "subsequent case law makes clear that the mere ability to write or install new software does not, as a matter of law, make Yahoo!'s system an ATDS under [the TCPA]." (Dkt. No. 33-1 at 7) (citing Gragg v. Orange Cab Co., Inc., –F. Supp. 2d –, No. C12-0576RSL, 2014 WL 494862 at *2-3 (W.D. Wash. Feb. 7, 2014)). As an initial matter, the Court notes that Defendant's new proffered authority, as district court opinion, does not qualify as an "intervening change in the controlling law" sufficient to justify reconsideration. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citing 398 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

However, having considered the Gragg court's reasoned disagreement with this Court's holding, the Court finds itself nonetheless bound by Ninth Circuit precedent to the contrary and finds no clear error in its February 3, 2014 Order denying Yahoo!'s motion for summary judgment. In particular, the Gragg court held that the statutory definition of ATDS focuses on the "system's **present**, not **potential**, capacity to store, produce, or call randomly or sequentially generated telephone numbers." 2014 WL 494862 at *2 (emphasis in original). In further denying the plaintiff's motion for reconsideration, the Gragg court specifically rejected this Court's February 3, 2014 Order, finding that "[t]here is no indication that the Ninth Circuit would deem a system that has to be reprogrammed or have new software installed in order to perform the functions of an ATDS to be an ATDS." Gragg v. Orange Cab Co., Inc., No. C12-0576RSL, 2014 WL 801305 at *2 (W.D. Wash. Feb. 28, 2014). As Yahoo! has argued, two other district courts applying Ninth Circuit law have found similarly. See Hunt v. 21st Mortg. Corp., No. 2:12-CV-2697-WMA, 2013 WL 5230061 at *4 (N.D. Ala. Sept.

17, 2013) (holding that to "meet the TCPA definition of an [ATDS], a system must have a present capacity, at the time the calls were being made, to store or produce and call numbers from a number generator"); Dominguez v. Yahoo! Inc., –F. Supp. 2d –, 2014 WL 1096051 (E.D. Pa. March 20, 2014).

This Court respectfully disagrees. In Satterfield v. Simon & Schuster, No. C 06-2893 CW, 2007 WL 1839807 at *6 (N.D. Cal. June 26, 2007), the district court granted summary judgment to defendant Simon & Schuster, concluding that the plain language of the TCPA precluded a finding that Simon & Schuster's equipment was an ATDS where the parties did not dispute that the equipment at issue did not "store, produce or call randomly or sequentially generated telephone numbers." On appeal, the Ninth Circuit reversed and remanded the district court's conclusion, emphasizing that the focus must be on the equipment's *capacity* rather than whether the equipment actually stored, produced, or called randomly or sequentially generated telephone numbers. Satterfield v. Simon & Schuster, 569 F.3d 946, 951 (9th Cir. 2009).

Furthermore, in Meyer v. Portfolio Recover Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012), the Ninth Circuit specifically considered and rejected a defendant's argument that its dialers did not fall within the statutory definition of ATDS because its dialers did not "have the present capacity to store or produce numbers using a random or sequential number generator."[1] See Meyer v. Portfolio Recover Associates, LLC, Case No. 11-56600, Dkt. No. 6-1 (appellant's opening brief) at 25 (9th Cir. filed Oct. 14, 2011) (arguing that "[t]he question at issue is the *present* capacity of [defendant's] dialers to store and produce numbers using a random and sequential number generator, not what theoretical, future capacity could be possible if

---

[1] The Court notes that the defendant in Meyer had argued to the district court that it "would be required to invest significant resources to change the dialers to achieve [the capacity to store or produce numbers using a random or sequential number generator]." (Meyer v. Portfolio Recover Associates, LLC, Case No. 11-cv-1008-JAH-BGS, Dkt. No. 22 at 18 (S.D. Cal. filed May 31, 2011).) The defendant then presented the same argument to the Ninth Circuit. (Meyer v. Portfolio Recover Associates, LLC, Case No. 11-56600, Dkt. No. 6-1 at 25 (9th Cir. filed Oct. 14, 2011) ("[defendant] would be required to invest significant resources to change its dialers to achieve that capacity, and it would make no sense for [defendant's] business to do so.").

significant time and resources were spent by PRA to modify its dialers") (emphasis in original). In rejecting the defendant's argument, the court reaffirmed its previous holding in Satterfield that the TCPA focuses on the equipment's capacity rather than present use. Meyer, 707 F.3d at 1043.  The court further found that because the defendant used its equipment as a predictive dialer, which the FCC has found has the requisite "capacity," the district court did not err in finding the plaintiff had demonstrated likelihood of success on the merits sufficient for a preliminary injunction. Id. (citing In the Matter of Rules & Regs Implementing the Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14014, 14091-93 (July 3, 2003)).

This Court therefore finds the clear mandate from the Ninth Circuit requires a defendant challenging a plaintiff's ATDS showing on a motion for summary judgment to demonstrate that no genuine issues of material fact exist as to whether the equipment at issue has the requisite current and future capacity to act as an ATDS in order to warrant summary judgment.

Accordingly, the Court finds no clear error in its previous conclusion that genuine issues of material fact exist as to whether Yahoo!'s equipment has the requisite "capacity" to be considered an ATDS under the TCPA. Defendant's motion for reconsideration, (Dkt. No. 33), must be DENIED.

**II. Interlocutory Appeal**

District courts may certify an issue for interlocutory appeal upon satisfaction of certain criteria. 28 U.S.C. § 1292(b). Those criteria are: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Courts apply section 1292(b)'s requirements strictly, and grant motions for certification only when exceptional circumstances warrant immediate appeal. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such

exceptional circumstances. Id. "Even then, a court has substantial discretion in deciding whether to grant a party's motion for certification." Zulewski v. Hershey Co., 2013 WL 1334159, at *1 (N.D. Cal. Mar. 29, 2013).

Having considered the foregoing criteria, the Court finds that no exceptional circumstances warrant interlocutory review. The Court notes that it denied summary judgment on the issue of whether Yahoo!'s server and system constitutes and ATDS because it finds that genuine issues of fact preclude summary judgment. (Dkt. No. 30.) Thus, even if the Ninth Circuit ultimately reviews this Court's February 3, 2014 Order, the Ninth Circuit will be more able to do so with a complete factual record. See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

Furthermore, to the extent that Yahoo! disagrees with the Court's interpretation of this circuit's controlling law, Judge Lasnik in the Western District of Washington has certified an interlocutory appeal in Gragg v. Orange Cab Co. Inc., No. C12-057RSL, Dkt. No. 132 (W.D. Wash. Apr. 15, 2014), on the question of the proper interpretation of "has the capacity" in the context of the TCPA's definition of ATDS. (See Dkt. No. 39-1, Chang Decl. Ex. 1.) As such, the Court will deny Defendants' alternative request to certify the February 3, 2014 Order for interlocutory appeal.

## CONCLUSION AND ORDER

For the foregoing reasons, Yahoo! Inc.'s Motion for Reconsideration, (Dkt. No. 33), is **DENIED**. Yahoo! Inc.'s request, in the alternative, for interlocutory appeal is also **DENIED**.

**IT IS SO ORDERED.**

DATED: July 3, 2014

HON. GONZALO P. CURIEL
United States District Judge