**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAFAEL DAVID SHERMAN and SUSAN PATHMAN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**YAHOO! INC., a Delaware Corporation,**<br><br>**Defendant.** | **Case No.:** 13-CV-00041-GPC-WVG<br><br><u>**CLASS ACTION**</u><br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. RAFAEL DAVID SHERMAN ("Mr. Sherman," or jointly the "Plaintiffs") and SUSAN PATHMAN ("Ms. Pathman," or jointly the "Plaintiffs"), individually, and on behalf of all others similarly situated, bring this First Amended Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of YAHOO! INC. ("YAHOO" or "Defendant"), in negligently and/or intentionally contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Mr. Sherman resides in this judicial district, the harm to Mr. Sherman occurred in this judicial district, Plaintiffs are residents of the State or California, and Defendant is subject to personal jurisdiction in the County of San Diego, State of California because it conducts business there.

## PARTIES

7. Mr. Sherman is, and at all times mentioned herein was, a citizen and resident of the County of San Diego, State of California. Mr. Sherman is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Ms. Pathman is, and at all times mentioned herein was, a citizen and resident of the State of California. Ms. Pathman is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in the State of Delaware. Defendant is, and at all times mentioned herein was, a Delaware corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant provides communication services to hundreds of thousands of consumers. Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

///

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Capta Mesa, CA 92626

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiffs were a citizen of the State of California. Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

11. Defendant is, and at all times mentioned herein was, a Delaware corporation and a "person," as defined by 47 U.S.C. § 153 (39).

12. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

13. YAHOO offers its users an Instant Messaging service that provides users the opportunity to send a free text message/s.

14. At no time did Plaintiffs provide their cellular telephone numbers to Defendant through any medium.

15. On or about January 7, 2013, at approximately 11:07 a.m. (PST), a YAHOO user utilized YAHOO's PC2SMS service to send a text message to Mr. Sherman's cellular telephone. This text message, which was unsolicited by Plaintiff, read:

   "hey get online i have to talk to you."

   [hereinafter "MESSAGE to Mr. Sherman"]

16. Prior to the MESSAGE to Mr. Sherman being received by Mr. Sherman, YAHOO sent an unsolicited text message to Mr. Sherman (on its own accord) on or about the same day at approximately 11:07 a.m. (PST). This text message read:

   "A Yahoo! User has sent you a message. Reply to that SMS to respond. Reply INFO to this SMS for help or go to y.ahoo.it/imsms." [hereinafter "SPAM"].

17. Mr. Sherman was unaware that YAHOO's PC2SMS service would send him the unsolicited SPAM text message described in Paragraph 16 of this First Amended Complaint. On good information and belief, the sender of the

MESSAGE to Mr. Sherman was also unaware that YAHOO would send the SPAM text.

18. On or about May of 2013, YAHOO sent an unsolicited SPAM text message to Ms. Pathman (on its own accord) that read:

> "A Yahoo! User has sent you a message. Reply to that SMS to respond. Reply INFO to this SMS for help or go to y.ahoo.it/imsms."

19. On information and belief, Ms. Pathman received a second text message sent through YAHOO's PC2SMS system at approximately the same time as the SPAM text message; however, Ms. Pathman does not recall the content of that text message.

20. Prior to receipt of the SPAM text message from YAHOO, Ms. Pathman had not provided her cellular telephone number, to which the SPAM text message was sent, to YAHOO.

21. Through this conduct, Defendant contacted Plaintiffs on Plaintiffs' cellular telephones regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

22. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. The telephone numbers Defendant called were assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. These text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Plaintiffs did not provide Defendant or its agent prior express consent to receive calls, including unsolicited calls or text messages, to their cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

26. The text messages sent by Defendant, or its agent, described in Paragraphs 16 and 18 of this First Amended Complaint, violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

28. Plaintiffs represent, and are members of the Class, consisting of:

> All persons within the United States who received a text message substantially similar or identical to the text message described in Paragraphs 16 and 18 of this First Amended Complaint from Defendant without prior express consent, which messages from Defendant or its agents were not made for emergency purposes, between January 8, 2009 and the filing of the First Amended Complaint.

29. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using an unsolicited SPAM text messages, thereby invading the privacy of said Plaintiffs and the Class members.  Plaintiffs and the Class members were damaged thereby.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to modify or expand the Class definition to seek recovery on behalf of

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

   a)   Whether, within the four years prior to the filing of the Complaint, Defendant or its agents sent any unsolicited text message/s to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

   b)   Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

   c)   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

   d)   Whether Plaintiffs and the Class are entitled to any other relief.

34. As persons who received at least one unsolicited SPAM text message without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

35. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Cspta Mesa, CA 92626

action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

39. Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

43. Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Cspta Mesa, CA 92626

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///
///
///
///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Cspta Mesa, CA 92626

### TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: September 24, 2014                    Respectfully submitted,

                                             **KAZEROUNI LAW GROUP, APC**

                                             By:  __/s/ Abbas Kazerounian, Esq.__
                                                  ABBAS KAZEROUNIAN
                                                  ATTORNEY FOR PLAINTIFFS

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
*Attorneys for Plaintiffs*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
tfriedman@AttorneysForConsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Fax: (866) 633-0228
*Attorneys for Plaintiffs*