UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DAVID SHERMAN and SUSAN PATHMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO! INC., a Delaware Corporation,<br><br>Defendant. | **Case No. 13-cv-00041-GPC-WVG**<br><br>**ORDER GRANTING IN PART THE JOINT EX PARTE MOTION TO (1) CONTINUE THE DEPOSITIONS OF YAHOO! INC. AND PLAINTIFF RAFAEL SHERMAN AND SUSAN PATHMAN, AND (2) MODIFY THE CONFIDENTIALITY PROTECTIVE ORDER (Doc. No. 91).** |

Before the Court is the Joint <u>Ex Parte</u> Motion to (1) Continue the Depositions of Yahoo! Inc. and Plaintiff Rafael Sherman and Susan Pathman, and (2) Modify the Confidentiality Protective Order ("Motion"), filed by Mr. Sherman and Ms. Pathman ("Plaintiffs") as well as Yahoo! Inc. ("Yahoo" or "Defendant") (collectively, "Parties") on January 21, 2015. (Doc. No. 91.) "[I]n an effort to accommodate the parties' desire to coordinate discovery with the plaintiffs in parallel actions concurrently pending in the United States District Court for the Northen District of Illinois" ("Illinois proceedings") and for the sake of greater perceived "efficiency," the Parties have agreed to take a consolidated Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") deposition of Defendant and partly

1

1  modify the protective orders entered in both this case and the Illinois proceeding[1/]
2  (Id. at 2–3.) Additionally, due to outstanding discovery disputes, for which no detail
3  has been provided in the Motion, the Parties have already decided to continue the
4  deposition of Ms. Pathman to a date after the present fact discovery cutoff date. (Id.
5  at 3.) They hasten to emphasize their consistent meet-and-confer efforts. (Id.) For
6  these reasons, they propose the following new dates: a deadline of (1) March 20,
7  2015, for conducting the Rule 30(b)(6) deposition of Defendant and the deposition
8  of Ms. Pathman; (2) 21 days within which the Honorable Gonzalo P. Curiel of the
9  United States District Court for the Southern District of California ("District Court")
10 rules on Plaintiff Rafael Sherman's motion to dismiss ("MTD") (Doc. No. 71) for
11 the deposition of Mr. Sherman; (3) of the same number of days as the Parties
12 eventually choose to continue the depositions of Yahoo, Ms. Pathman, and Mr.
13 Pathman for the completion of class-related discovery; and (4) of 34 days from the
14 last deposition of Yahoo for the filing of Plaintiff' Motion for Class Certification.
15 (Id. at 4–5.)

16         While the Court does not question the Parties' good faith efforts, it finds
17 the dates and time lines proposed to be problematic for two reasons.  First, as the
18 previous awkward encapsulation makes clear, several of these dates are presently
19 indeterminate and self-evidently  ambiguous; they may come to pass in days, weeks,
20 or month in a case already more than two years old.  Relatedly, moreover,  the
21 variable windows suggested and the two month extension sought will only further
22 delay this proceeding and prevent its efficient adjudication. By explicit rule, a
23 scheduling order "controls the course of action unless the court modifies it[]," FED.
24 R. CIV. P. 16(d) ("Rule 16(d)"), and the mandate of Rule 16(d) must always "be
25 taken seriously," Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).
26 Otherwise, "efficient case management," this procedural precept's animating
27 purpose, would be needlessly endangered, the very problems it was designed to
28

---

[1/] The modified protective order will be granted by this Court in a separate document.

minimize effectively unmitigated. <u>Stanley v. Huntington Nat'l Bank</u>, 492 F. App'x 456, 461 (4th Cir. 2012); <u>Fujita v. United States</u>, 416 F. App'x 400, 402 n.6 (5th Cir. 2011) ("[S]uch [scheduling] orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." (quoting <u>Rouse v. Farmers State Bank of Jewell, Iowa</u>, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994))); <u>cf.</u> <u>Pavelic & LeFlore v. Marvel Entm't Grp.</u>, 493 U.S. 120, 123–26, 110 S. Ct. 456, 458–60, 107 L. Ed. 2d 438 (1989) (interpreting Rule 11 in light of its plain meaning and obvious purposes). Indeed, as the United States Court of Appeals for the Ninth Circuit has said, modification of deadlines threatens a "court's ability to control its own docket" and both "disrupt[s] the agreed-upon course of ligitation[] and [may] reward[s] the indolent and cavalier." <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted). All these concerns weigh heavily here, for on December 19, 2014, this Court expressly reminded the Parties of the very deadlines they now seek to amend. (Doc. No. 89.)

Nonetheless, in light of the Parties' arguments and the apparent need for some temporal tinkering, some deadlines' modification is merited. As such, this Court will grant the Motion only in part. It thus modifies any prior scheduling orders and sets forth the following schedule for the Parties to follow:

(1) The Fed. R. Civ. P. 30(b)(6) deposition of Yahoo is continued from January 24, 2015, to any date agreed upon by the parties and the parties to the parallel actions pending in the Northern District of Illinois (*Johnson v. Yahoo! Inc.*, No. 14-cv-2028 (N.D. Ill.) and *Calderin v. Yahoo! Inc.*, 14-cv-2753 (N.D. Ill.)), but in no event later than **February 27, 2015**;

(2) The deposition of Ms. Pathman is continued from January 17, 2015, to a date agreed upon by the parties, but in no event later than **February 27, 2015;**

(3) The deposition of Mr. Sherman will take place **no later than February 27, 2015**, unless the District Court has granted the MTD before that date;

(4) The class discovery deadline of January 30, 2015, is continued to **February 27, 2015**, whether or not the District Court has rendered a decision on the MTD; and

(5) The deadline for plaintiffs to file their Motion for Class Certification is continued from February 27, 2015, to **March 27, 2015.**

IT IS SO ORDERED.

DATED: January 23, 2015

Hon. William V. Gallo
U.S. Magistrate Judge