**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*s

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL DAVID SHERMAN and SUSAN PATHMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>     **Plaintiffs,**<br><br>v.<br><br>YAHOO! INC.,<br><br>     **Defendant.** | **Case No.:** 13-CV-00041-GPC-WVG<br><br>**REPLY TO PLAINTIFFS' MOTION TO DISMISS PLAINTIFF RAFAEL DAVID SHERMAN'S CLAIMS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(2)**<br><br>**DATE:** February 6, 2015<br>**TIME:** 1:30 P.M.<br>**PLACE:** Courtroom 2D<br><br>**JUDGE:** Hon. Gonzalo P. Curiel |

**KAZEROUNI LAW GROUP, APC**
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3

## I. MR. SHERMAN SHOULD BE PERMITTED TO DISMSISS HIS INDIVIDUAL CLAIMS WITHOUT PREJUDICE WITH CONDITIONS; DISMISS WITHOUT PREJUDICE WITHOUT CONDITIONS; OR CONTINUE LITIGATING THE ACTION

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

Plaintiffs and Plaintiffs' attorneys owe it to the putative class members to put forth the best case possible, which sometimes means looking for a new proposed class representative or only asking the court to appoint those of the named plaintiffs that have the strongest claims as the class representative/s. Plaintiff's counsel have a duty to put forth the best case and the best class representatives at the time of moving for class certification, not the weakest as Defendant would like to force. "The courts have recognized that the duty owed by class counsel is to the entire class and not dependent on the special desires of the named plaintiffs…" *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 979 (E.D. Cal. 2012) (quoted case omitted). Plaintiffs are aware of no requirement that every named plaintiff in a proposed class action must seek appointment as representative of the proposed certified class. Mr. Sherman was permitted to add Ms. Pathman as a plaintiff prior to moving for class certification (Dkt. No. 64), and Plaintiffs should now be permitted to dismiss Mr. Sherman's claims for personal reasons prior to moving for class certification, leaving Ms. Pathman as the sole named plaintiff and proposed class representative.

20
21
22
23
24
25
26
27

The issue here is really one of dismissal "without prejudice (based on reasonable conditions) and with/without attorney fees" versus "with prejudice and without conditions or attorney fees." In addition, the option remains for Mr. Sherman to continue litigating this action on an individual basis, and Mr. Sherman must be given "a reasonable period of time within which [either] to refuse the conditional voluntary dismissal by withdrawing [the] motion for dismissal or to accept the dismissal despite the imposition of conditions." *Beard v. Sheet Metal Workers Union*, 908 F.2d 474, 476 (9th Cir. 1990).

28

///

## A. The Factors Already Analyzed Favor Plaintiffs' Position

Plaintiffs have already explained that certain factors favor dismissal without prejudice based on the reasonable condition that Mr. Sherman agrees not to re-file his claims against Yahoo but will be entitled to recovery of any award that the class members would receive if the case settles after class certification or a class judgment is obtained. Dkt. No. 71-1, 3:18-7:24; *see also* Dkt. No. 71-8, ¶¶ 5-6.

## B. No Showing of Bad Faith

Yahoo argues that the Motion to Dismiss is in bad faith because Mr. Sherman recently received preliminary approval of a class settlement in a different lawsuit, but that is not bad faith at all (*see also* Section II.A., below), and only further supports Mr. Sherman decision to leave this action because his attention is required elsewhere – i.e., a preliminarily approved class settlement.[1] Again, Plaintiff counsel have a duty to put forth the best class representative in moving for class certification to ensure that the "adequacy" requirement is satisfied as mentioned above. Here, Mr. Sherman no longer desires to serve as a proposed class representative, which is why Mr. Sherman seeks to dismiss his individual and class claims. "Both the class representative and the courts have a duty to protect the interests of absent class members." *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. Cal. 1992).

## C. The Time Has Passed For Yahoo To Conduct Additional Written Discovery As It Concerns Mr. Sherman And Ms. Pathman

Yahoo's request that any written discovery regarding Mr. Sherman resume in the event Mr. Sherman remain in this action should be denied as a sham request

---

[1] The real bad faith seems to be on the part of Yahoo, as Yahoo took off calendar the deposition of Ms. Pathman the day before the deposition based on an undisclosed "emergency," and then the very next day served written discovery on Ms. Pathman for the first time, Declaration of Jason A. Ibey ("Ibey Decl."), ¶¶ 4-5, filed concurrently; Exhibit A. This "emergency" seems to be Yahoo's realization that it had not yet served written discovery on Ms. Pathman. Also, Yahoo did not seek or obtain leave of Judge Gallo's November 14, 2014 order to not take Ms. Pathman's deposition on November 25, 2014 (*see* Dkt. No. 77, 2:1-3).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

because the Parties have not stayed "written" discovery as it concerns Mr. Sherman, and Yahoo could have continued to seek written discovery from Mr. Sherman if it wanted to, but has chosen not to do so, to its own prejudice. The last time Mr. Sherman served written discovery responses is September 11, 2014. Yahoo is inappropriately trying to buy more time for written discovery from Mr. Sherman where the deadline to bring any discovery dispute to Judge Gallo has already passed (Judge Gallo has a 30-day rule to bring discovery disputes).[2]

### D. Mr. Sherman Should Not Have To Appear For Oral Deposition Unless He Chooses To Continues Litigating His Claims

The Parties have agreed that if the Motion to Dismiss is denied and the Court orders Mr. Sherman's oral deposition that Mr. Sherman will appear for deposition (Dkt. No. 75). Yahoo has provided no sufficient basis to require Mr. Sherman's deposition, should the claims be dismissed without prejudice. Mr. Sherman has already explained in a declaration that he is no longer interested in serving as a proposed class representative. Further, Mr. Sherman's proposed conditions are reasonable (Dkt. No. 71-8, ¶ 6), and there is no real risk that Mr. Sherman will re-file his claims if the Court were to order Mr. Sherman not to do so. Additionally, Yahoo has provided no justification to require Mr. Sherman's deposition if his claims are dismissed with prejudice.

### II. YAHOO'S REQUEST FOR ATTORNEY FEES SHOULD BE DENIED, AS YAHOO WOULD NOT SUFFER ANY LEGAL PREJUDICE FROM A CONDITIONAL DISMISSAL

Yahoo argues that it should be awarded attorneys' fees if Mr. Sherman's claims are dismissed without prejudice as opposed to with prejudice. That request should be denied. Does Yahoo really prefer that Mr. Sherman remain in this lawsuit and pursue only his individual claims rather than permit Mr. Sherman to

---

[2] While Judge Gallo extended the class discovery cut-off from January 30, 2015 to February 27, 2015 (Dkt. No. 92), the Parties stipulated that the extended class discovery cut-off would apply "only" to oral depositions (Dkt. No. 91, 3:21-4:3).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

dismiss his claims without prejudice (which Mr. Sherman could elect to do), thereby leaving only Ms. Pathman as the sole plaintiff in this action? Were Mr. Sherman to remain in the action but not seek appointment as class representative, even if Yahoo prevailed on Mr. Sherman's individual claims it would not be entitled to attorneys fees, based on the American Rule,[3] yet Yahoo seeks recovery of attorneys fees where Mr. Sherman desires to leave the lawsuit without a determination of the ultimate merits of his individual claims. Yahoo recognizes that imposition of fees is not mandatory (Def.'s Opp., 12:20-23). "[I]f the dismissal is with prejudice, a district court generally lacks the power to require payment of attorney's fees." *Horton v. Trans World Airlines Corp.,* 169 F.R.D. 11, *15 (E.D.N.Y. 1996).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Stevedoring Services of America*, 889 F.2d at 975. Significantly, Yahoo argues that it would be prejudiced if Mr. Sherman is allowed to leave this action without prejudice, however, Yahoo does not sufficiently explain what prejudice it would suffer to some plain legal interest, which is Yahoo's burden. In the Ninth Circuit, plain legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water 10 Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Importantly, neither "the expense incurred in defending against a lawsuit" nor the "[u]ncertainty [that] a dispute remains unresolved" amounts to "legal prejudice." *Id.*; *see also Mitchell-Jones v. Menzies Aviation, Inc.*, 2011 WL 3273221, *3 (W.D. Wash., 2011) ("The Ninth Circuit has plainly rejected this type of inconvenience and expense as a basis for finding plain legal prejudice in the context of a Rule 41(a)(2) motion) (emphasis added)

---

[3] *See Continental Ins. v. Broadbent Mercantile, Inc.*, 1992 U.S. App. LEXIS 13268, *5 (9th Cir. May 28, 1992) ("It is well-settled under the American Rule that a party generally may not recover attorneys' fees absent statutory authorization or a contract providing for an award."). There is no fees provision under the TCPA.

To determine any plain legal prejudice to Yahoo, the Court considers "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). Dismissal should be granted "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986).

## A. Mr. Sherman's Diligence Is Undisputed By Yahoo

Mr. Sherman has diligently prosecuted this action against Yahoo, and Yahoo admits as much (Def.'s Opp., 8:10-11). Moreover, Mr. Sherman has not unreasonably delayed his deposition, contrary to Yahoo's contention; indeed, the Parties have stipulated that the deposition will not take place pending an outcome of the Motion to Dismiss (Dkt. Nos. 75 and 76). Mr. Sherman has also not improperly delayed discovery in this action, and Yahoo knows this. It is shameful, really, that Yahoo would use the birth of a child to one of Plaintiffs' attorneys as an argument that Mr. Sherman somehow unduly or improperly delayed his deposition, which birth ending up occurring earlier than the due date and one day *before* the scheduled deposition of Mr. Sherman. *See* Ibey Decl., ¶ 7. Yahoo merely speculates that Mr. Sherman has acted improperly regarding the continuance of his deposition and his decision to no longer be a named plaintiff in this action. Therefore, this does not support an attorney fees award.

## B. Reasonable Explanation For Request For Dismissal

Mr. Sherman has already explained his reasons for wanting dismissal. Dkt. No. 71-8, ¶¶ 3-5. Even Yahoo tacitly recognizes that Mr. Sherman has and continues to be involved in a preliminary approved class settlement against Kaiser Permanente (*see* Def.'s Opp., 4:25-5:2), which is one of the reasons that, for time constraints, Mr. Sherman seeks dismissal from this action and to focus attention in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

obtaining final approval of the Kaiser settlement. When Yahoo asked for more details regarding the desire to dismiss Mr. Sherman's claims, his counsel did not explain in detail in order to preserve the attorney-client privilege. *See* Dkt. Nos. 71-3 and 71-6.

It is important to note again that Mr. Sherman has clearly explained in his declaration that he only seeks a dismissal without prejudice rather than with prejudice so that he may be entitled to any award to the class members (Dkt. No. 71-8, ¶ 5). Mr. Sherman also explained that he has no desire to re-file his claims against Yahoo, and has agreed not to re-file his claims against Yahoo. *Id.* at ¶ 6. To make that point even clearer, Mr. Sherman expressly requests that Court so condition the voluntary dismissal such that Mr. Sherman may not re-file his individual claims against Yahoo, but that he is permitted to receive any award that may be given to the class member, which is a reasonable condition. This would "stop[] Sherman from joining the Chicago lawsuit," which appears to be Yahoo's concern (Def.'s Opp., 9:28-10:2). Knowing Plaintiffs' counsel have a duty to present their best case, Yahoo is improperly requesting that the Court order Plaintiffs' counsel to present their worst proposed class representative.

Consequently, there is no risk that Yahoo would face Mr. Sherman's same claims in this or another lawsuit if his claims were dismissed on such conditions.[4]

**C.    Yahoo's Motion For Summary Judgment Was Denied**

Yahoo decided to bring the motion for summary judgment (Dkt. No. 9), which was ultimately denied; notably, the motion for reconsideration brought by Yahoo was denied as well (Dkt. Nos. 30 and 46). As the motion for summary judgment was denied, this factor does not help Yahoo, and militates in favor of

---

[4] Alternative, Mr. Sherman requests that his claims be dismissed without prejudice on the condition that Mr. Sherman pay Yahoo's fees incurred in defending Mr. Sherman's individual claims in this action *only if* Mr. Sherman were to re-file his same claims against Yahoo in the future. *See e.g., Maculan v. City of Escondido*, 2014 U.S. Dist. LEXIS 92909, *8 (S.D. Cal. July 8, 2014).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Plaintiffs, for Mr. Sherman is not seeking to avoid any motion for summary judgment. Mr. Sherman is not attempting to avoid any discovery motion, contrary to Yahoo's baseless assertion. Thus, this factor favors Plaintiffs' position.

## D. Trial preparation

The Parties here are not even close to the eve of trial, as no trial date has been set, the current deadline to file a motion for class certification is not until February 27, 2015 (Dkt. No. 77), a motion or class certification has not yet been filed, and the class discovery deadline is not until January 30, 2015 (*id*.). If the case proceeds to trial, it will proceed with Ms. Pathman as the named plaintiff, which means that any efforts by Yahoo to dispose of the case may still be used to attempt to dispose of the case at any trial. This factor does not support an award of attorney fees. *See, e.g., In re Lowenschuss*, 67 F.3d 1394, 1400–01 (9th Cir. 1995) ("[T]he inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice.").

## E. No Showing That Yahoo Had To Incur Unnecessary Fees

While some courts have found attorneys' fees may be awarded where "costs were undertaken unnecessarily" (*GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369 (D.C. Cir. 1981), there is no showing by Yahoo here that Mr. Sherman caused Yahoo to incur any unnecessary attorneys fees. Also, any work performed by Yahoo may be used to attempt to dispose of the case as far as it concern's the putative class claims to be brought by Ms. Pathman (including Ms. Pathman's individual claims). Yahoo may contend that having to defend this Motion to Dismiss was unnecessary, but this Motion to Dismiss and additional discovery by Mr. Sherman would have been unnecessary had Yahoo agreed to the dismissal. Yahoo argues that Plaintiffs filed a meritless motion to consolidate (Def.'s Opp., 6:15-17), but it should be noted that it was actually the plaintiffs in the *Johnson* and *Calderin* action in Illinois that filed such a motion, not Mr. Sherman or Ms. Pathman, and such motion was filed for the purpose of saving the Parties time and

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1**
**COSTA MESA, CA 92626**

expense. *See generally*, Dkt. No. 62; *see also* Declaration of Abbas Kazerounian ("Kazerounian Decl."), ¶ 4-5, filed concurrently. Notably, Yahoo has been seeking the benefits of consolidation in terms of discovery (written and oral) all while having opposed a motion for consolidation filed in Illinois, which is both puzzling and unfair to Plaintiffs. *See id*. Yahoo cannot have its cake and eat it. This factor militates against a fee award to Yahoo.

### F. Information That Might Be Obtained From Mr. Sherman's Deposition Would Not Be Pertinent In A Motion For Class Certification Brought by Ms. Pathman Only

Yahoo argues that it could obtain information about Mr. Sherman's alleged consent if it deposed Mr. Sherman. Any such information regarding Mr. Sherman's alleged consent, however, is not pertinent to a motion for class certification to be brought by Ms. Pathman only. Even if Mr. Sherman had given consent, the proposed class would not include persons who consented, as consent is an affirmative defense. *See e.g.*, *Lemieux v. Schwan's Home Serv.*, 2013 U.S. Dist. LEXIS 127032, *30 (S.D. Cal. Sept. 5, 2013) (this Court excluding from the class definition those person that gave prior express consent).

Importantly, there is nothing to stop Yahoo from arguing that individualized issue of consent exist based on discovery from Ms. Pathman, who will be the proposed class representative. With Yahoo's contention about uncovering evidence that Mr. Sherman consented to the text message at issue, Yahoo ignores the fact that this Court has already found Mr. Sherman did not consent to the text message at issue from Yahoo. Dkt. No. 30 (Order denying Yahoo's MSJ). Yahoo merely speculates that Mr. Sherman asked someone to send him a text message using Yahoo's messenger service (Def.'s Opp., 9:10-11).[5]

Yahoo argues "[t]hat Sherman has *recently* accessed his Yahoo account(s)

---

[5] Mr. Sherman has indicated in discovery that he received a text message from a person that he believes to be one Ms. Orraca, but does not know the person's telephone number or address (Exhibit B to Ibey Decl. (Suppl. Resp. to SPROG 8)).

[apparently referring to email accounts rather than an instant messenger account] is critical to the issue of consent under the TCPA (Def.'s Opp., 11:7-9, emphasis added), but that is inaccurate, as the TCPA plainly requires "prior express" consent (47 U.S.C. § 227(b)(1)(A)); implied, retroactive consent is not an affirmative defense. As a result of the foregoing, Defendant cannot show that it would suffer plain legal prejudice in terms of an ability to challenge the class certification requirements under Fed. R. Civ. P. 23.

There has been nothing to stop Yahoo from serving requests for admission (none have been served to date), or additional interrogatories and document requests on Mr. Sherman, yet Yahoo chose not to, probably because to do so would weaken Yahoo's position regarding its opposition to the Motion to Dismiss. Yahoo ignores the fact that even if additional consent evidence existed, Mr. Sherman's individual claims would not affect the class claims brought by Ms. Pathman in an eventual motion for class certification to be brought by Ms. Pathman only. Thus, Yahoo's contention about additional consent information and other information as it concerns Mr. Sherman fails, as his individual claims would have nothing to do with the class claims if his individual claims were dismissed.

### G. Yahoo's Case Law Is Distinguishable

Yahoo's case law in support of its request for attorneys' fees is distinguishable (Def.'s Opp., 5:26-6:14) because Mr. Sherman has engaged in no misleading conduct, Yahoo has had ample opportunity to conduct written discovery from Mr. Sherman, and continues to seek discovery from Ms. Pathman (including her oral deposition), and Yahoo's motion for summary judgment has already been denied. Mr. Sherman is not evading responding to discovery, which distinguishes the *Exxon Corp.*, 102 F.3d at 432 case cited by Yahoo.

### III. CONCLUSION

In conclusion, Plaintiffs respectfully requests that the Court dismiss Mr. Sherman's individual claims *without* prejudice on the condition that Mr. Sherman

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

not re-file his same claims against Yahoo, which essentially imposes a res judicata effect (*see Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994)), while allowing Plaintiff to receive any award that may be awarded to the class members if class certification is granted.

However, should the Court be inclined to award attorneys' fees to Yahoo and/or additional discovery if Mr. Sherman's claims are to be dismissed without prejudice (or otherwise), the Plaintiffs respectfully request that the Court either: (i) dismiss Mr. Sherman's individual claims *with* prejudice and not award any attorney fees to Yahoo or permit additional discovery from Mr. Sherman (*see Design Trend Int'l Interiors, Ltd. v. Huang*, 2007 U.S. Dist. LEXIS 66840, *12 (D. Ariz. Sept. 7, 2007) ("district courts rarely grant an award of reasonable attorneys' fees when an action is dismissed voluntarily with prejudice.")[6]; or (ii) permit Plaintiffs to withdraw the Motion to Dismiss and allow Mr. Sherman to continue prosecuting the action on an individual basis, permitting Mr. Sherman's oral deposition only, and not awarding any attorney fees to Yahoo. *See e.g., Maculan v. City of Escondido*, 2014 U.S. Dist. LEXIS 92909, *8 (S.D. Cal. July 8, 2014).

<table>
<tr><td></td><td>Respectfully submitted,<br>**KAZEROUNI LAW GROUP, APC**</td></tr>
<tr><td>Date: January 23, 2015</td><td>By:/s/ Abbas Kazerounian<br>ABBAS KAZEROUNIAN, ESQ.<br>ATTORNEYS FOR PLAINTIFF</td></tr>
</table>

---

[6] If a dismissal is conditioned on the payment of costs and attorney's fees, Yahoo should only be awarded attorneys' fees for work which cannot be used in any future litigation of these claims, *Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993), which is apparently nothing, as according to Yahoo it believes that the discovery from Mr. Sherman can be used against the class claims brought by Ms. Pathman, as well as the continued litigation in the consolidated *Johnson* action in Illinois (*Johnson v. Yahoo! Inc.*, 14-cv-02028 (N.D. Ill)).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626