UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DAVID SHERMAN and SUSAN PATHMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO! INC., a Delaware Corporation,<br><br>Defendant. | **Case No. 13-cv-00041-GPC-WVG**<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE** |

On January 30, 2015, this Court conducted a telephonic discovery conference ("Conference") with counsel for Plaintiffs, Mr. Rafael David Sherman ("Sherman") and Ms. Susan Pathman ("Pathman"), and Defendant, Yahoo! Inc. (individually, "Party," and collectively, "Parties"). Appearing for Plaintiffs were Messrs. Jason Ibey and Todd Freeman and Mr. Justin Barton and Ms. Nina Boyajian for Defendant. On January 29, 2015, the Parties contacted the Court regarding a slew of pending discovery disputes, and on the morning of January 29, 2015, the Court scheduled the Conference for 2:00 p.m. on that same date. The Conference concerned disputes over the following matters: Defendant's response to Pathman's Request for Production ("RFP") Numbers 6, 7, and 22 and Interrogatory Number 14 and Pathman's response to Defendant's Interrogatory Number 16 and RFP Numbers

1

6, 7, 8, 9, and 21. During the conference, having considered the Parties' arguments, the Court ruled as follows:

1. Pathman's RFP # 6 asks for "any and all DOCUMENTS showing that YOU had prior express consent to contact Plaintiff Susan Pathman with an AUTOMATIC TELEPHONE DIALING SYSTEM and/or SMS text message at any time." At the telephonic conference, Defendant represented that it has surrendered all documents that it has so far found during the course of a diligent search. However, Plaintiffs now also seek to foreclose Defendant from utilizing any documents they may later unearth, effectively barring subsequent good faith supplementation. While Defendants must presently provide any and all documents encompassed by this question so far located, this Court DENIES Plaintiffs' request to bar Defendants from use of any later discovered documents. However, if Plaintiffs can provide or subsequently uncover credible evidence that Defendant (a) has deliberately retained documents relevant to proving (or disproving) Pathman's prior express consent and (b) has done so in an effort to prevent these documents' exposure prior to Plaintiff's motion for class certification for the sake of obtaining a tactical advantage, the Court will reconsider its decision. Upon doing so, this Court may order any and all appropriate sanctions authorized by and consistent with the Federal Rules of Civil Procedure ("Federal Rules").

2. Pathman's RFP Number 7 states: "Produce the DOCUMENTS that YOU used to determine whether the persons contacted by YOU via SMS text message through YOUR PC2SMS platform had provided their 'prior express consent', as that term is used in 47 U.S.C. Section 227(b)(a)(A), prior to making any attempt to contact those numbers, including but not

limited to any electronic notations in the outgoing text message lists that the contacted party provided 'prior express consent', and including all DOCUMENTS that YOU may rely on at trial or other hearing in this case to establish 'prior express consent' was provided to YOU since four years prior the filing of the FAC in this action." So as to aid the Court in determining the extent to which Defendant must comply with this seventh RFP, each Party may submit a five-page briefing, not excluding exhibits, by the end of business on Wednesday, February 4, 2015. The Court will thereupon rule on the reasoning and evidence set forth in the Parties' papers or order additional briefing on this particular issue.

3. Pathman's RFP Number 22 seeks "a forensic image of the computer system/s used to send the text messages referenced in paragraphs 18-19 of the First Amended Complaint in this action." Defendant refused, contending compliance would be unduly burdensome and costly. Based on Defendant's representations, the relevant database, as regularly maintained, does not apparently record both telephone numbers and Plaintiffs' desired content. As such, Defendant maintains that it cannot possibly produce, as Plaintiffs have demanded, production of both such classes of data from this specific database. Accordingly, Plaintiffs' objection to Defendant's response to RFP Number 22 is DENIED, and Defendants need not comply. If, however, Plaintiffs present reliable and credible evidence to the contrary, this Court will reconsider this decision and may award any and all sanctions permitted under the Federal Rules.

4. Pathman's Interrogatory Number 14 reads: "State how many text messages with the content in paragraph 18 of the FAC were sent through Defendant's PC2SMS platform to unique domestic cellular telephone numbers between

|   |   |
|---|---|
| 1 | May 1, 2013 and May 31, 2013." During the Conference, Defendant |
| 2 | promised to meet with Plaintiffs and confer regarding the production of the |
| 3 | electronically stored information embraced by this question. Consequently, |
| 4 | the Parties' dispute as to this query is now deemed MOOT. |

5. Addressed to one of the Plaintiffs–Pathman–Defendant's RFP Number 6 demands "[a]ll transcripts of any of Your deposition testimony from all previous lawsuits in which you have been depose"; RFP Number 7 petitions for "[a]ll discovery responses You produced in all previous lawsuits in which You were a named plaintiff in a putative class action suit"; RFP Number 8 solicits "[a]ll discovery responses You produced in all previous lawsuits in which You were a named plaintiff in a putative class action suit"; and RFP Number 9 calls for "[a]ll discovery responses You produce" in seven different matters. Plaintiff refused. Based on the reasons stated by the Court on January 30, 2015, this Court SUSTAINS Pathman's objection to this request, and Defendant's objection to Plaintiffs' response to RFP Numbers 6, 7, 8, and 9 is therefore DENIED.

6. Defendant's RFP Number 21 seeks "[a] forensic image of the cellular telephone on which You allege that You received the Messages referenced in paragraph 18-19 of the Amended Complaint." Defendant insists that this imaging will prove to be minimally expensive, insignificantly intrusive, and barely burdensome; Plaintiff asserts the very opposite. As such, by the end of business on Wednesday, February 4, 2015, Defendant is to submit a two-page motion explaining the likelihood that it will find the information it seeks by means of this forensic imaging; specific evidence must be adduced to support this contention. Upon this document's consideration,

this Court will rule on its basis alone or ask for further briefing by either Party.

7. Although Defendant had previously raised an objection to Plaintiffs' response to Defendant's Interrogatory Number 16, Defendant has chosen to await further information from its own engineers before pressing for either an answer or a ruling from the Court. Accordingly, this dispute is regarded as MOOT, subject to Defendant's further meeting with its own computer specialists.

IT IS SO ORDERED.

DATED: February 2, 2015

Hon. William V. Gallo
U.S. Magistrate Judge