**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL DAVID SHERMAN and SUSAN PATHMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>YAHOO! Inc.,<br><br>   Defendant. | CASE NO. 13cv0041-GPC-WVG<br><br>**ORDER REGARDING PLAINTIFFS' MOTION TO DISMISS PLAINTIFF RAFAEL DAVID SHERMAN'S CLAIMS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(2)**<br><br>[Dkt. No. 71.] |

Before the Court is a Motion to Dismiss Plaintiff Rafael David Sherman's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), filed by Plaintiffs Rafael David Sherman ("Sherman") and Susan Pathman ("Pathman") (collectively, "Plaintiffs"). (Dkt. No. 71.) The Parties have fully briefed the Motion. (Dkt. Nos. 90, 95.) The Court finds the Motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court intends to grant Plaintiffs' Motion, but condition Sherman's withdrawal on his deposition.

## BACKGROUND

On January 8, 2013, Sherman filed this action against Yahoo! Inc. ("Yahoo"), individually and on behalf of those similarly situated, claiming that Yahoo violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A), by sending him an allegedly unsolicited text message on his cellular telephone through its messenger service. (Dkt. No. 1.)  On February 3, 2014, this Court denied Yahoo's motion for summary judgment. (Dkt. No. 30.)

Sherman's deposition was originally scheduled for August 26, 2014, but was postponed until October 1, 2014, due to the personal circumstances of one of Sherman's attorneys. (Dkt. No. 54 ¶ 5; Dkt. No. 90-1 ¶ 3.)

On September 3, 2014, Plaintiffs' counsel advised Yahoo that they intended to amend the Complaint to add Pathman as a plaintiff, and on September 24, 2014, the Parties entered into a stipulation in which Yahoo agreed that Pathman could be added as a named plaintiff. (Dkt. No. 61; Dkt. No. 90-1 ¶ 4.)

On September 30, 2014, Pathman was added as a named plaintiff through the First Amended Complaint, which was the main change from the original Complaint. (Dkt. No. 64.)  The "early deposition of Mr. Sherman and Ms. Pathman [on October 1 and 2, 2014] was a condition of Yahoo's agreement to stipulate to allow Plaintiff to file a First Amended Complaint in this action." (Dkt. No. 62 at 2.)[1]

However, around the same time, on September 29, 2014, the Parties filed a joint motion to stay discovery, and take the depositions of Sherman and Pathman off-calendar, pending the outcome of a motion to consolidate this action with another action pending against Yahoo in Chicago, Illinois. (Dkt. No. 62.)  On October 6, 2014, this Court granted the motion and stayed all discovery, including the depositions. (Dkt. No. 67.)  On October 30, 2014, following the denial of the motion to consolidate, the Parties agreed that the depositions of Sherman and Pathman would take place on

---

[1] Page number citations such as this one are to the page numbers reflected on the Court's CM/ECF system and not to page numbers assigned by the parties.

November 25 and 26, 2014. (Dkt. No. 90-1 ¶ 6.)

Four days later, on November 3, 2014, Sherman informed his attorneys that he no longer wanted to be a named plaintiff or serve as a potential class representative in this action "due to personal circumstances and time constraints." (Dkt. No. 71-8 ¶ 3; *see also* Dkt. No. 71-4 at ¶ 4.) That same day, Plaintiffs' counsel informed Yahoo's counsel that Sherman no longer wished to be a named plaintiff and asked to dismiss his individual claims without prejudice. (Dkt. No. 71-5 ¶ 4; Dkt. No. 90-1 ¶ 7.) The Parties could not agree to stipulate to the dismissal of Sherman's individual claims because Yahoo wanted to still depose Sherman, which Plaintiffs refused. (Dkt. No. 90-1 ¶ 7.) The Parties have stipulated that Sherman will not be deposed until this Court decides the instant Motion to Dismiss Sherman's claims. (*Id.*)

On November 7, 2014, Plaintiffs filed the instant Motion to Dismiss Sherman's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).[2] (Dkt. No. 71.) On January 9, 2015, Yahoo opposed. (Dkt. No. 90.) On January 23, 2015, Plaintiffs replied. (Dkt. No. 95.)

Plaintiffs have not yet moved for class certification. The current deadline for discovery related to class certification is February 27, 2015, and Sherman's deposition is to take place no later than that date unless the Court has granted the instant Motion beforehand. (Dkt. No. 92.) The deadline for Plaintiffs to move for class certification is March 27, 2015.[3] (*Id.*)

## LEGAL STANDARD

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, after an opposing

---

[2]In support of the motion, Sherman declares that: "I desire that my claims in this action be dismissed *without* prejudice rather than *with* prejudice so that I may be entitled to any award to the class members, in the event this action is certified as a class action. . . . I have no desire to re-file my claims asserted in this action against Yahoo!, Inc. in any other action, and I agree not to re-file the same claims asserted in this action in any other action against Yahoo!, Inc." (Dkt. No. 71-8 ¶¶ 5-6.)

[3]On January 23, 2015, the Court granted in part the Parties' joint motion, and moved the class discovery deadline from January 30 to February 27, and moved the class certification deadline from February 27 to March 27. (Dkt. Nos. 51, 77, 92.)

party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l, B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). In resolving a motion under Rule 41(a)(2), the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *See* Fed. R. Civ. P. 41(a)(2); *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

## DISCUSSION

Plaintiffs contend that this Court should allow Sherman to voluntarily dismiss his individual claims without prejudice. (Dkt. No. 71-1.) Yahoo counters that the Court should deny Plaintiffs' Motion, and alternatively that the Court should dismiss with prejudice and impose conditions regarding discovery and attorneys' fees and costs. (Dkt. No. 90.)

**I.      Whether to Allow Dismissal**

The initial question for the Court is whether to allow dismissal of Sherman's claims at all. Whether to grant a voluntary dismissal under Rule 41(a)(2) rests in a district court's sound discretion. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). However, the Ninth Circuit has instructed that a "district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id.*

"'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "'[U]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice.'" *Id.* (quoting *Westlands Water Dist.*, 100 F.3d at 96-97). "Also, plain

legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

Here, Plaintiffs contend that this Court should allow Sherman to voluntarily dismiss his claims without prejudice because Sherman has no intention of re-filing his claims against Yahoo, Yahoo has not likely incurred great expense yet, the action is still at a relatively early stage since no motion for class certification has been filed, Plaintiffs acted diligently in bringing this Motion after Sherman informed counsel of his wishes, and Sherman is not attempting to avoid an adverse ruling as there are no motions currently pending. (Dkt. No. 71-1 at 4-8.)

Yahoo counters that this Court should not allow dismissal of Sherman's claims for three reasons. (Dkt. No. 90 at 9-12.) First, Yahoo argues that Plaintiffs have engaged in bad faith conduct. (Dkt. No. 90 at 10.) Yahoo points to "the delay and ultimate cancellation of Sherman's deposition, a meritless motion to consolidate, the addition of a new named plaintiff, [and] the timing of the Motion in relation to the settlement of the *Kaiser* action."[4] (*Id.*) Plaintiffs reply that Sherman's recent preliminary approval of a class settlement in the *Kaiser* action does not show bad faith, but only further supports Sherman's decision to leave this action because his attention is required elsewhere to focus on obtaining final approval. (Dkt. No. 95 at 3.) Plaintiffs also assert that they and their attorneys owe it to the putative class members to put forth the best case possible, which sometimes means asking the Court to only appoint those of the named plaintiffs that have the strongest claims as the class representative(s). (*Id.* at 2-3, 7.) Further, Plaintiffs note that it was not Sherman or Pathman, but rather the Chicago plaintiffs who filed the motion to consolidate, and that

---

[4] Yahoo states that Sherman is the named plaintiff in a separate TCPA class action, *Sherman v. Kaiser Foundation Health Plan, Inc.*, No. 13-cv-0981-JAH-JMA (S.D. Cal.), in which he filed a motion for preliminary approval of class action settlement on October 21, 2014, two weeks before Plaintiffs advised Yahoo that Sherman sought to dismiss his claims in the instant action. (Dkt. No. 90-1 ¶ 9.)

Yahoo similarly cancelled Pathman's November 25 deposition the day beforehand due to an "emergency." (*Id.* at 3 n.1, 8.)

"Ninth Circuit caselaw intimates that a district court may refuse to grant dismissal under Rule 41(a)(2) when exceptional circumstances suggest bad faith and/or vexatious tactics on the part of the plaintiff, and that the defendant may suffer the 'legal prejudice' of never having claims resolved." *Manuel Shipyard Holdings*, 01-cv-883-WHA, 2001 WL 1382050, at *3 (N.D. Cal. Nov. 5, 2001) (citing *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (affirming denial of Rule 41(a)(2) motions because, among other reasons, the court considered them to be a "thinly-veiled attempts to avoid discovery" where there had been total refusal to provide discovery)); *see also Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (affirming denial of Rule 41(a)(2) motion filed ten days before trial after four years of vigorous litigation). Here, Sherman provided responses to interrogatories and, unlike *In re Exxon Valdez*, Sherman did not obstruct resolution of the claims on the merits. As such, the Court finds that Plaintiffs' conduct does not amount to bad faith warranting refusal to grant dismissal. *See* Blacks Law Dictionary, 149 (9th ed. 2009) (defining "bad faith" as "dishonesty of belief or purpose").

Second, Yahoo argues that it has already expended significant resources in discovery during the past two years of litigation, much of it specific to Sherman. (Dkt. No. 90 at 7-8, 10-11.) However, "the expense incurred in defending against a lawsuit does not amount to legal prejudice" because "[t]he defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands Water Dist.*, 100 F.3d at 97.

Finally, Yahoo argues that it would be prejudiced by Sherman's dismissal because it would be prevented from deposing Sherman. (Dkt. No. 90 at 10-11.) Yahoo contends that it has discovered evidence of Sherman's consent to the text message at issue, and that Plaintiffs' Motion is designed to evade Yahoo obtaining further damaging discovery from Sherman and adverse rulings that could follow as a result.

(*Id.* at 11.) The inability to conduct sufficient discovery for a defense can amount to legal prejudice. *See Westlands Water Dist.*, 100 F.3d at 97. However, any concerns regarding Yahoo's ability to conduct discovery can be addressed by the terms and conditions of dismissal, which the Court considers below.

Therefore, the Court concludes that Sherman should be allowed to dismiss his claims.

## II.     Whether the Dismissal Should be With or Without Prejudice

The next question for the Court is whether the dismissal of Sherman's claims should be with or without prejudice. Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. Fed. R. Civ. P. 41(a)(2). "Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd*, 72 F.3d 766 (9th Cir. 1995). "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* at 1443-43 (citation and internal quotation marks omitted); *see also* Cal. Prac. Guide Fed. Civ. Pro. Before Trial, Ch. 16-G, § 16:359.

Here, Plaintiffs contend, as discussed above, that the dismissal should be without prejudice because Sherman has no intention of re-filing his claims against Yahoo, Yahoo has not likely incurred great expense yet, the action is still at a relatively early stage since no motion for class certification has been filed, Plaintiffs acted diligently in bringing this Motion after Sherman informed counsel of his wishes, and Sherman is not attempting to avoid an adverse ruling as there are no motions currently pending. (Dkt. No. 71-1 at 4-8.) Sherman declares that " I desire that my claims in this action be dismissed *without* prejudice rather than *with* prejudice so that I may be

entitled to any award to the class members, in the event this action is certified as a class action . . . ." (Dkt. No. 71-8 ¶ 5.)

Yahoo counters that it has expended significant resources on discovery and the filing of a summary judgment motion, that Sherman filed this Motion twenty-two months into the action, and that Sherman's explanation as to why he wishes to have his claims dismissed – "personal circumstances and time constraints" – is insufficient. (Dkt. No. 90 at 12-14.)

Plaintiffs respond that Sherman has diligently prosecuted this action (as Yahoo admits), that Sherman has not unreasonably delayed his deposition and Yahoo merely speculates that he acted improperly, that Yahoo's motion for summary judgment was denied, and that the case is not close to trial. (Dkt. No. 95 at 6-8). Plaintiffs also state that Sherman provided a reasonable explanation for requesting dismissal, and his declared "time constraints" include focusing his attention on obtaining final approval of the separate *Kaiser* settlement. (*Id.* at 6-7.) Moreover, to alleviate Yahoo's concerns about Sherman joining the Chicago lawsuit or otherwise re-filing his claims (Dkt. No. 90 at 13-14), Plaintiffs expressly request that the Court condition the voluntary dismissal such that Sherman may not re-file his individual claims against Yahoo, but is permitted to receive any award that may be given to a class member. (Dkt. No. 95 at 7.)

The Court concludes that the dismissal should be without prejudice. Sherman seeks dismissal of his claims without prejudice so that he may become an absent class member should the putative class be certified. The dismissal without prejudice will not subject Yahoo to the risk of additional litigation because, per Plaintiffs' express request, the Court will condition the dismissal without prejudice on Sherman not re-filing his individual claims against Yahoo. Moreover, Plaintiffs have been diligent in prosecuting this action, and promptly moved to dismiss Sherman after he told his counsel of his wishes. The case is not close to trial, a class certification motion has not been filed yet, and Yahoo's resources spent on discovery and summary judgment will

remain useful in the continuing litigation against Pathman. Although the Court has some concerns about Sherman's vague explanation for the dismissal – "personal circumstances and time constraints" – Yahoo has failed to show that this explanation is insufficient.

Therefore, the Court determines that Sherman's claims should be dismissed without prejudice.

### III. Terms and Conditions of Dismissal

Finally, the Court must consider what terms and conditions, if any, should be imposed on the dismissal of Sherman's claims. Yahoo contends that the Court should impose two conditions: (1) Yahoo should be entitled to depose Sherman on topics relevant to the class as a whole, and obtain outstanding discovery responses from him; and (2) Yahoo should be awarded attorneys' fees and costs for the approximately twenty-one months during which it litigated exclusively against Sherman before Pathman was added as a named plaintiff. (Dkt. No. 90 at 14-18.)

#### A. Sherman's Deposition and Outstanding Discovery Responses

Yahoo argues that Sherman's dismissal should be conditioned on Sherman being deposed and providing outstanding discovery responses because they could reveal information relevant to issues of class certification. (Dkt. No. 90 at 14-16.) In particular, Yahoo contends that Sherman's testimony and outstanding discovery responses could reveal facts demonstrating Sherman's express consent to receive text messages, which is an element of a TCPA claim. *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (elements of TCPA claim). Yahoo asserts that Sherman could have given consent through two methods: (1) through a third-party, either orally or in writing; or (2) through Yahoo's Terms of Service. (Dkt. No. 90 at 14-15.) Specifically, regarding the first method, third-party consent, Yahoo argues that Sherman has identified the individual who sent him the message that caused Yahoo to send its message, but has refused to provide that individual's contact information, and that through Sherman's deposition or further discovery Sherman could

potentially provide facts that would allow Yahoo to contact that individual and possibly find evidence that Sherman consented for that individual to send him a text message. (*Id.* at 14-15.) Regarding the second method, Yahoo's Terms of Services, Yahoo contends that it has learned facts indicating that Sherman has created at least two accounts with Yahoo, has actively used Yahoo services during the relevant time period, and that the fact that "Sherman recently accessed his Yahoo account(s) is critical to the issue of consent under the TCPA because Yahoo's [Terms of Service] expressly provides that Yahoo may notify users such as Sherman by SMS/text message." (*Id*. at 15.)

Yahoo further argues that evidence that some class members provided prior express consent is relevant to class certification, and therefore Sherman's testimony and additional discovery responses are critical to the viability of the class as a whole as they could demonstrate that class treatment is inappropriate because of issues of individualized proof. *See, e.g., Connelly v. Hilton Grand Vacations Co.*, 294 F.R.D. 574, 577-78 (S.D. Cal. 2013) (denying class certification of TCPA action based on failure to show predominance because differing circumstances under which putative class members provided their cell phone numbers suggested that consent should be evaluated individually); *Fields v. Mobile Messengers Am., Inc.*, No. 12-cv-5160-WHA, 2013 WL 6073426, at *3-4 (N.D. Cal. Nov. 18, 2013) (denying class certification of TCPA action based on failure to show predominance because required individualized inquiries regarding consent).

Plaintiffs counter that Yahoo has not shown that it will be legally prejudiced if it cannot depose Sherman. (Dkt. No. 95 at 9-10.) Plaintiffs assert that any information regarding Sherman's alleged consent is not pertinent to a motion for class certification because the proposed class would not include persons who consented. (*Id.* at 9 (citing *Knutson v. Schwan's Home Serv.*, No. 12-cv-0963-GPC-DHB, 2013 WL 4774763, at *11 (S.D. Cal. Sept. 5, 2013) (in TCPA action, excluding from class definition those persons who gave prior express consent)).) Plaintiffs further argue that

there is nothing to stop Yahoo from arguing the issue of individualized consent based on discovery from Pathman, that in denying summary judgment this Court already found that Sherman did not consent to the text message, that Sherman has already indicated in discovery that he does not know the contact information for the individual who sent him the message, and that whether Sherman recently accessed his Yahoo account(s) is irrelevant because the TCPA requires "prior," not retroactive, consent. (*Id.* at 9-10 & n.5; Dkt. No. 95-4 at 2; *see also* Dkt. No. 30 at 7 (Order Denying Summary Judgment).)  In addition, Plaintiffs argue that Yahoo should not be entitled to further discovery responses because, unlike his deposition, there has been nothing to stop Yahoo from serving additional discovery on Sherman, but it has not done so. (Dkt. No. 95 at 3-4, 10.)

As noted above, the inability to conduct sufficient discovery for a defense can amount to legal prejudice. *See Westlands Water Dist.*, 100 F.3d at 97 ("In this circuit, we have stated that a district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud.").  A court may, but need not, condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery. *See Roberts v. Electroluz Home Prods.*, No. 12-cv-1644-CAS, 2013 WL 4239050, at *1-3 (C.D. Cal. Aug. 14, 2013) (denying the defendant's request to condition the named plaintiffs' withdrawal on deposing them); *In re Wellbutrin XL*, 268 F.R.D. 539, 543-44 (E.D. Pa. 2010) (holding that dismissal of original plaintiff in class action was conditioned on the production of discovery to avoid possible prejudice to the defendant); *cf. Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629-30 (C.D. Cal. 2011) (holding that the named plaintiff in a class action was subject to deposition despite the fact that he had a pending motion to be dismissed from the action because his anticipated testimony was relevant to class certification issues as well as the merits).

The Court concludes that Sherman's withdrawal should be conditioned on

Yahoo being entitled to depose Sherman. Sherman was the sole named plaintiff in this action for almost two years before the addition of Pathman. Plaintiffs only added Pathman as a named plaintiff shortly after the cancellation of Sherman's original deposition date. Sherman did not move to dismiss his individual claims until after his deposition had been noticed and rescheduled several times and only few months before the close of class discovery, and Yahoo has spent resources conducing discovery specific to Sherman. Sherman's testimony regarding his experience with Yahoo is likely to be relevant to class certification issues, even if he no longer wishes to be burdened with this litigation. As such, Yahoo would be legally prejudiced if it was prevented from deposing Sherman.

Therefore, the Court concludes that Sherman's withdrawal should be conditioned on his deposition. However, the Court does not condition Sherman's withdrawal on providing any outstanding or further discovery responses.

### B. Attorneys' Fees and Costs

Yahoo also argues that Sherman's dismissal should be conditioned on awarding Yahoo its attorneys' fees and costs for the approximately twenty-one months during which Sherman was the sole named plaintiff. (Dkt. No. 90 at 16-18.) Yahoo contends that it spent resources propounding and responding to Sherman-specific discovery, as well as preparing for his deposition which was taken off-calendar only two days before the scheduled date. (*Id.* at 17.) Plaintiffs counter that this Court should not award fees because any work by Yahoo may be used in the continuing case against Pathman, Sherman did not improperly delay his deposition, and Yahoo would not be entitled to attorneys' fees if Sherman elected to proceed on his individual claims but not seek appointment as a class representative. (Dkt. No. 95 at 5-6, 8, 11 n.6.)

While a court can protect a defendant's interests by conditioning a Rule 41(a)(2) dismissal upon the payment of appropriate attorneys' fees and costs, the imposition of fees and costs as a condition for dismissing without prejudice is not mandatory. *Westlands Water Dist.*, 100 F.3d at 97. Further, fees and costs should only

be awarded for work which cannot be used in continuing or later litigation. *See id.* at 97; *Koch v. Hankins*, 8 F.3d 650, 651 (9th Cir. 1993). "In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Fraley v. Facebook, Inc.*, No. 11-cv-1726-LHK, 2012 WL 893152, at *4 (N.D. Cal. Mar. 13, 2012) (citation and internal quotation marks omitted).

Here, the Court declines to award Yahoo its attorneys' fees and costs. The dismissal of Sherman's claims without prejudice does not expose Yahoo to excessive or duplicative expense because much of Yahoo's resources spent litigating against Sherman will remain useful in the continuing litigation against Pathman, particularly because the Court has conditioned Sherman's withdrawal on being deposed. Moreover, Sherman cannot re-file his individual claims against Yahoo. The case is still at a relatively early stage, as the class certification motion is not due until March 27, 2015. Further, Plaintiffs have acted with reasonable diligence in moving to dismiss Sherman after he made his wishes known to his counsel.

Therefore, the Court finds it unnecessary to condition Sherman's dismissal on an award of attorneys' fees and costs.

Accordingly, the Court intends to grant Plaintiffs' Motion to Dismiss Plaintiff Rafael David Sherman's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), but exercise its discretion to condition Sherman's withdrawal on Sherman sitting for his deposition. As Plaintiffs correctly note, if they are not amenable to this condition, they may withdraw their Motion. (Dkt. No. 95 at 2) *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986) (for a Rule 41(a)(2) dismissal, the district court must provide the plaintiff "a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing [the]

motion for dismissal or to accept the dismissal despite the imposition of conditions"). Therefore, the Court will give Plaintiffs until February 13, 2015, to withdraw their Motion.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

(1) the Court gives Plaintiffs notice that it intends to grant Plaintiffs' Motion to Dismiss Plaintiff Rafael David Sherman's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), but with the condition that Yahoo is entitled to depose Sherman (Dkt. No. 71);

(2) if Plaintiffs are not amenable to the condition imposed by the Court, Plaintiffs must withdraw their Motion by February 13, 2015;

(3) if Plaintiffs are amenable to the condition imposed by the Court, the deposition of Sherman will take place no later than February 27, 2015;

(4) the Parties will notify the Court regarding the completion of Sherman's deposition on or before March 2, 2015;

(5) upon satisfying the condition of Yahoo deposing Sherman, the Court will grant Plaintiffs' Motion to Dismiss Plaintiff Rafael David Sherman's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. No. 71)

**IT IS SO ORDERED.**

DATED: February 5, 2015

HON. GONZALO P. CURIEL
United States District Judge