# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DAVID SHERMAN and SUSAN PATHMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br>  v.<br><br>YAHOO! Inc.,<br>  Defendant. | CASE NO. 13cv0041-GPC-WVG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER**<br><br>[ECF Nos. 128 & 132] |

Before the Court is Defendant Yahoo! Inc.'s ("Defendant") Motion for Leave to File First Amended Answer, filed on May 8, 2015. (ECF No. 128.)[1] On May 29, 2015, Plaintiff[2] Susan Pathman ("Plaintiff") filed an opposition to the motion for leave to file an amended answer. (ECF No. 143.) On June 5, 2015, Defendant filed a reply. (ECF No. 149.) The Court found the matter suitable for adjudication without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 151.) For the following reasons, the Court DENIES Defendant's Motion for Leave to File First Amended Answer.

---

[1] On May 11, 2015, Defendant filed an amended notice (ECF No. 132), which contained the hearing date provided by this Court.

[2] The Court dismissed Plaintiff Rafael David Sherman without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 119.)

# BACKGROUND

In this case, Plaintiff, individually and on behalf of those similarly situated, claims that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A), by sending her an allegedly unsolicited text message on her cellular telephone through its messenger service. (ECF No. 64.) Paragraph 18 of the First Amended Complaint states:

> On or about May of 2013, YAHOO sent an unsolicited SPAM text message to Ms. Pathman (on its own accord) that read: "A Yahoo! User has sent you a message. Reply to that SMS to respond. Reply INFO to this SMS for help or go to y.ahoo.it/imsms."

(Id. ¶ 18.) This text message will hereinafter be referred to as the "Welcome Message." On October 21, 2014, Defendant filed its Answer to the operative First Amended Complaint. (ECF No. 68.)

On March 27, 2015, Plaintiff moved to certify a class pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(3). (ECF No. 121.) Plaintiff's proposed Class consists of:

> All persons within the United States who were sent a text message on a telephone number assigned to cellular telephone provider AT&T and/or Cingular, by Defendant, that was substantially similar or identical to the text message described in Paragraph 18 of the First Amended Complaint, between May 1, 2013 and May 31, 2013, and whose cellular telephone number is associated with a Yahoo account.

(Id. at 2.)[3] Plaintiff seeks to recover statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). (ECF No. 64 ¶¶ 41, 45.)

# LEGAL STANDARD

Under Rule 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a responsive pleading or a motion under Rule 12(b)(e) or (f). "In all other cases, a party may amend its pleading only with the opposing party's written

---

[3] The page numbers listed reference the specific document, rather than the ECF, page number.

consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, because more than 21 days have passed since the filing of the responsive pleadings, and Plaintiff did not consent to the amendment, Defendant requires leave from this Court to file the proposed amended answer.

Granting or denying leave to amend is in the discretion of the Court, Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a) (2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. Id. However, leave to amend should not be granted if "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Madeja v. Olympic Packers, 310 F.3d 628, 636 (9th Cir. 2002) (citing Yakima Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## DISCUSSION

Defendant seeks leave to amend its answer to include the affirmative defense that Plaintiff lacks Article III standing to bring her claims against Defendant because her alleged injury is based on the violation of a statutory right, as opposed to an actual injury. (ECF No. 128-1 at 1.) Defendant recognizes that current Ninth Circuit law allows violation of a statutory right to establish Article III standing. (Id. at 3); see Edwards v. First Am. Corp., 610 F.3d 514, 517 (9th Cir. 2010) (holding that the injury required by Article III can exist by virtue of statutes creating legal rights, the invasion of which creates standing), *cert. dismissed*, 132 S. Ct. 2536 (2012); Robins v. Spokeo, Inc., 742 F.3d 409, 413-14 (9th Cir. 2014) (holding that "alleged violations of [ ] statutory rights are sufficient to satisfy the injury-in-fact requirement" needed to establish Article III standing), *cert. granted*, 135 S. Ct. 1892 (Apr. 27, 2015). However, because the Supreme Court granted *certiorari* to review the Ninth Circuit's decision

in Spokeo, Defendant now moves to file an amended answer in order to "reserve its right to assert this defense."[4] (ECF No. 128-1 at 1.) Defendant argues that Plaintiff will suffer no prejudice because lack of Article III standing is a pure legal defense. (Id. at 4.)

Plaintiff responds that Defendant's motion and proposed amendment should be denied as futile because Edwards and Spokeo are still good law, and "until and unless the Unites States Supreme Court rules otherwise, [Defendant] has no colorable argument." (ECF No. 143 at 1.)

In response, Defendant argues that the amendment would not be futile because the affirmative defense of lack of Article III standing "would apply" in this case if the Supreme Court were to overturn Spokeo. (ECF No. 149 at 3.) As such, Defendant moves for leave to file an amended answer "to put [P]laintiff on notice" that it will assert this defense if such an event were to occur. (Id.)

As an initial matter, the court finds no undue delay, bad faith, or dilatory motive. The Court does, however, find that amendment would be futile. The Ninth Circuit has held that the Court "may grant leave to amend in situations where the controlling precedents changed midway through the litigation." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117-18 (9th Cir. 2013). But Defendant cites

---

[4] Defendant previously attempted to reserve rights to assert defenses in its original Answer. (ECF No. 116.) Defendant stated that it "reserves the right to raise additional defenses as it becomes aware of them." (ECF No. 69 ¶ 59.) The Court struck Defendant's reservation of rights to raise additional defenses because it was not an affirmative defense. (ECF No. 116 at 10.) The Court did note that Defendant "may assert additional defenses later if it amends its pleadings in compliance with the Federal Rules of Civil Procedure." (Id. at 10-11.) Here, the Court reiterates that it will strike "reservations of defenses" that do not comply with the procedures set out in Rule 15. See, e.g., Camacho v.Jefferson Capital Sys., LLC, No. 14-cv-02728-BLF, 2014 WL 4954817, at *3 (N.D. Cal. Oct. 2, 2014); Comercializadora Recmaq v. Hollywood Auto Mall, LLC, No. 12-cv-0945 AJB, 2014 WL 3628272, at *17 (S.D. Cal. July 21, 2014); Weintraub v. LawOffice of Patenaude & Felix, A.P.C., 299 F.R.D. 661, 668-69 (S.D. Cal. 2014); Vogelv. OM ABS, Inc., No. 13-cv-01797 RSWL, 2014 WL 340662, at *4 (C.D. Cal. Jan. 30, 2014); E.E.O.C. v. Timeless Invs., Inc., 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010).

no law to support its argument that the Court is required to grant leave to amend *in anticipation* of a change in controlling precedent, and the Court is aware of none.[5] Defendant's desire "to put [P]laintiff on notice" that it will assert this defense if such an event were to occur also is not sufficient for the Court to allow a futile amendment. The Court, therefore, finds that amendment is unwarranted at this time. See <u>Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) ("futile amendments should not be permitted").

Moreover, as Defendant notes, lack of Article III standing is a claim that cannot be waived. See <u>Lewis v. Casey</u>, 518 U.S. 343, 349 n.1 (1996) (holding that Article III "standing . . . is jurisdictional and not subject to waiver"). As a result, Defendant will suffer no prejudice in the future for the current denial of its proposed first amended answer because Defendant may seek to assert this potentially viable affirmative defense later if the validity of <u>Spokeo</u> changes during the course of these proceedings.

## CONCLUSION

Based on the above, the Court **DENIES** Defendant's motion for leave to file a first amended answer.

**IT IS SO ORDERED.**

DATED:  July 15, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[5] Defendant claims that "courts grant leave to amend in light of the Supreme Court *granting* certiorari." (ECF No. 149 at 4.) However, in the case Defendant cites to support its position, <u>E.E.O.C. v. Kmart Corp.</u>, No. 13-cv-2576-GJH, 2014 WL 5320957, *4 (D. Md. Oct. 16, 2014), the court did not grant leave to amend solely because the Supreme Court granted *certiorari* to review the appropriate standard under which to evaluate the E.E.O.C.'s actions during the conciliation process. The court granted leave to amend because the proposed amendment could succeed under the controlling Circuit's standard. <u>Id.</u> at *3. The Supreme Court's pending review merely "provide[d] more support for permitting Defendants to amend their Answer." <u>Id.</u> at *4.