GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
Ballon@gtlaw.com
LORI CHANG (SBN 228142)
ChangL@gtlaw.com
NINA D. BOYAJIAN (SBN 246415)
BoyajianN@gtlaw.com
JUSTIN A. BARTON (SBN 288194)
BartonJu@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

Attorneys for defendant Yahoo! Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DAVID SHERMAN and SUSAN PATHMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>YAHOO! INC., a Delaware Corporation,<br><br>Defendant. | Case No. 13-CV-0041-GPC (WVG)<br><br>**YAHOO! INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF RECENT AUTHORITY [Dkt. 192]**<br><br>Judge:  Hon. Gonzalo P. Curiel<br>Complaint Filed:  January 8, 2013 |

The order attached to plaintiff's Notice of Recent Authority (Dkt. 192) is irrelevant and should be disregarded because it addresses an issue that is not presently before the Court—i.e., whether the system in that case (an email forwarding platform, *not* the PC2SMS Service used here) had the "capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In *Dominguez v. Yahoo, Inc.*, the Third Circuit agreed with the district court and Yahoo in ruling that the FCC did not "read out the 'random or sequential number generator' requirement," and held that an automatic telephone dialing system ("ATDS") must have the capacity to "store or produce numbers that themselves are randomly or sequentially generated." *Dominguez v. Yahoo, Inc.*, 2015 U.S. App. LEXIS 18460, at *6 & 7 n.2. The appellate court, in a non-precedential ruling, vacated the lower court's decision on the narrow basis that Yahoo did not meet its evidentiary burden on summary judgment, and ordered remand for further briefing and factual development on the issue of *capacity* based on the statutory definition of ATDS.

Yahoo's pending summary judgment motion (Dkt. 134) addresses a completely different issue—i.e., whether the PC2SMS Service dials numbers without human intervention, based on this Court's interpretation of what the FCC considers an ATDS. *See Sherman v. Yahoo! Inc.*, 997 F. Supp. 2d 1129, 1135 (S.D. Cal. 2014). The *Dominguez* order does not define or provide any guidance on what "human intervention" means. That, as the FCC recently explained, is an issue left to the courts to

///
///
///
///
///

1

resolve on a "case-by-case basis." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7974-75, ¶ 17 (July 10, 2015).

Dated: October 26, 2015

GREENBERG TRAURIG, LLP
IAN C. BALLON
LORI CHANG
NINA D. BOYAJIAN
JUSTIN A. BARTON

By: */s/ Ian C. Ballon*
     Ian C. Ballon
Attorneys for defendant Yahoo! Inc.
Email: Ballon@gtlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on <u>October 26, 2015</u>, I caused to be filed electronically document(s) described as: **YAHOO! INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF RECENT AUTHORITY [Dkt. 192]** with the Clerk of the Court using the Court's CM/ECF system which will send notification of such filing to the e-mail addresses denoted below:

Kazerouni Law Group, APC
Abbas Kazerounian, Esq.
Jason A. Ibey, Esq.
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Tel: 800-400-6808; Fax: 800-520-5523
ak@kazlg.com; jason@kazlg.com
*Counsel for Plaintiff Susan Pathman*

Hyde & Swigart
David J. McGlothlin, Esq.
Joshua B. Swigart, Esq.
Robert L. Hyde, Esq.
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Tel: 619-233-7770; Fax: 619-297-1022
david@westcoastlitigation.com; josh@westcoastlitigation.com;
bob@westcoastlitigation.com
*Counsel for Plaintiff Susan Pathman*

Vincent L. DiTommaso, Esq.
DiTommaso Lubin, P.C.
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
Tel: 630-333-0000
vdt@DiTommasolaw.com
*Counsel for Plaintiff Susan Pathman*

By: ___/s/  Ian C. Ballon___
      Ian C. Ballon
Email: Ballon@gtlaw.com